111 So.2d 555 (1959)
LINDSLEY-FEIBER MOTOR COMPANY, Inc., Plaintiff-Appellee,
v.
C. C. BRUMFIELD, Defendant-Appellant.
No. 4804.
Court of Appeal of Louisiana, First Circuit.
April 27, 1959.
*556 Talley & Anthony, Bogalusa, for appellant.
Richardson & Richardson, Bogalusa, for appellee.
Before ELLIS, FRUGE and LANDRY, JJ.
ELLIS, Judge.
In this suit a judgment in favor of the plaintiff on confirmation of a default regularly entered was rendered and signed by the district judge in open court. Several months later defendant's counsel filed a motion to set aside the judgment so entered as being contrary to the law and the evidence. This motion was dismissed after hearing held on a rule. Counsel for defendant thereafter perfected a devolutive appeal to this court.
Defendant's counsel conceded, on appeal, that the trial court was correct in dismissing the motion for an order setting aside the default judgment herein. The basis for the dismissal was that appeal was the proper remedy.
An examination of the record results in the following findings. The proceedings were regular in most respects. In fact, the main point at issue on this appeal is the failure of plaintiff's counsel to introduce the promissory note in question on confirmation of the default.
The record shows clearly that the promissory note was never introduced into evidence. It was not attached to the plaintiff's petition, filed in the record at any time prior to the date the default was confirmed, nor was it introduced into evidence on the confirmation of the default.
We quote the following pertinent portions of the record to indicate the bases of these findings.
1. Pertinent allegations of plaintiff's petition:
"I.
"That the defendant herein, C. C. Brumfield, is of full age of majority and a resident of this Parish and State and is justly, truly and legally indebted unto your petitioner in the full sum of One Hundred Sixty Four and 28/100 ($164.28) Dollars, together with 8 per cent interest on One Hundred Thirty Five and 10/100 ($135.10) Dollars from September 20, 1954, until paid plus 15 per cent attorneys fees and all costs of this suit, for this, to-wit:
"II.
"That your petitioner is the holder for value and before maturity in the due course of business of one certain promissory note dated March 29, 1954, in the full sum of Five Hundred Twenty Two and 12/100 ($522.12) Dollars and signed by defendant as maker, on which there is a balance due of One Hundred Thirty Five and 10/100 ($135.10) Dollars plus Twenty Nine and 18/100 ($29.18) Dollars open account for goods, wares and merchandise, sold to said defendant.
"III.
"That demand for payment has been made without avail."
2. Testimony taken on confirmation of preliminary default:
"Q. Please state your name for the record? A. Fred J. Lee.

*557 "Q. You are employed by Lindsley-Feiber Motor Company? A. Yes sir.
"Q. In what capacity? A. As bill collector.
"Q. Are you familiar with the account of C. C. Brumfield, the defendant herein? A. Yes sir, I am.
"Q. The petition shows there is a balance due of $164.28 together with eight per cent interest and fifteen per cent attorneys' fees on the amount of $135.00 from September 20, 1954, until paid, is that correct? A. Yes sir.
"In connection with the witness' testimony, Counsel for plaintiff offers, introduces and files in evidence the sworn petition, together with the citation addressed to the defendant, Sheriff's returns showing personal service on the defendant on September 29, 1955. Counsel further offers, introduces and files in evidence an abstract of the minutes of this Honorable Court showing entry of preliminary default herein on May 5, 1958."
3. Certificate of Clerk of Court:
"I, Rufus W. Bateman, Clerk of the Twenty-Second Judicial District Court for the Parish of Washington, hereby certify that the record filed herewith is the original record and includes all the pleadings, evidence and documents in said cause; and I further certify that there is contained therein true copies of all minutes, entries in said record, and a detailed list of all the pleadings, evidence and documents in the order of the filing thereof. In testimony whereof, I have hereunto set my hand and affixed the seal of our said court, at Franklinton, Louisiana, on this 4th day of December, 1958."
Plaintiff's attorney strenuously contends that there is no necessity for the production of the original note sued upon if judgment is obtained by default. As authority for this proposition he cites Article 312 of the Code of Practice and several cases which will be discussed infra.
Article 175 of the Code of Practice reads as follows:
175: "Annexation of instrument to petitionOyer.But if the title on which the demand is founded be an Act under private signature, or a note bearing the signature of the defendant, it shall not be necessary to annex to the petition the original of such an act, or the note itself; provided that if the defendant pray a view or oyer of the document declared upon, the court shall order the same to be filed within a reasonable delay, and in default of the plaintiff's complying with said order, his petition shall be dismissed; provided further that when such act, or note, or a statement of account sued on is annexed to and filed with the petition, it shall not be necessary to serve a copy of such act, note or account on the defendant, whether alleged to be made part of the petition or to be annexed thereto for reference and greater certainty, unless the plaintiff specially pray for such service. (As amended, Acts. 1924, No. 162)."
We feel that the provisions regarding promissory notes in this article of the Code of Practice are not meant to put a burden upon the defendant, thereby requiring him to seek the introduction of the promissory note by prayer for oyer, if the promissory note is to be introduced at all. Rather, this provision allows the defendant to compel production of the promissory note sued upon prior to the trial on the merits. Parenthetically, we might note that the provision relied upon by the plaintiff has probably been replaced by the "Deposition and Discovery Act." In any event, it is not applicable in the case at bar where defendant has allowed a judgment by default to be taken against him.
The case of Jourdan v. Hutton, La.App., 86 So.2d 223, is cited and relied upon by *558 plaintiff's attorney, but this case is not apposite. In the Jourdan case several bases for appeal were set forth, none of which dealt with the sufficiency or legality of the evidence presented on confirmation of the default judgment. Each of the questions raised was taken up and disposed of by the appellate court with full benefit of the record presented on appeal.
The case of Merchants Adjustment Bureau v. Malta, La.App., 102 So.2d 781, is also inapplicable, although it is relied upon by plaintiff's counsel. The issue in that case was the question of whether or not the proof of an open account was sufficient on the confirmation of a default judgment. This issue is clearly not in point. Suits on open account may be proved by affidavit of correctness, before any competent officer. Evidence of this nature is recognized as prima facie proof of such a claim, under the provisions of Article 312 of the Code of Practice. This case is good authority for the portion of this suit which is based upon open account or the sum of $29.18. However, this portion of the judgment is not at issue on this appeal.
The attorney for the plaintiff cites the case of Aycock v. Miller, La.App., 18 So.2d 335, 336, in support of his contention and quotes at length from the body of the opinion in that case. We quote the most pertinent portions of his quotation as follows:
"There are many decisions of the courts of this State which hold that where the recitals in a judgment are that `plaintiff has made due proof of his claim,' it will be presumed that legal and sufficient evidence is before the Court. Goldman v. Thomson, 3 La. App. 469; Martin v. District Lodge, La.App., 146 So. 793. The judgment in the case at bar stated,'the plaintiff having made due proof of his demands'."
We have no quarrel with the ruling in the Aycock case which ruling is applicable in the cases where the transcribing of the testimony has been dispensed with by plaintiff's counsel. There is no duty upon plaintiff's counsel to require the transcribing of the testimony presented upon confirmation of a default judgment. See A. J. Hodges Industries, v. Fobbs, La.App., 39 So.2d 91, and authorities cited therein. In such a case, there is a presumption that the judgment was granted on legal and sufficient evidence. However, in such a case as is here presented, in which the testimony was transcribed on confirmation of preliminary default and said transcript is coupled with a certificate of the clerk of court as set forth above, the appellate court is not at liberty to indulge in such a presumption.
Issue is joined tacitly when a defendant allows a preliminary default to be entered against him. This tacit joinder of issue is tantamount to the filing of a general denial which calls for strict proof of each material allegation of fact set forth in plaintiff's petition. Russo v. Aucoin, La.App., 7 So.2d 744.
Defendant's counsel did not cite any Louisiana cases presenting fact situations exactly in point, nor did a cursory review of Louisiana jurisprudence reveal such a case. However, at this point we take note of the following quotation from the syllabus in the case of Southern Vehicle Mfg. Co. v. O'Sullivan, 7 Orleans App. 3: "Where the notes sued on are filed with the petition and form part of the record and their execution is not denied, no formal offer thereof in evidence is necessary."
Going one step further, it is assumed that the appellate court regarded the attaching of the notes to the original petition or the filing of the notes into the record prior to or during confirmation of the default as a prerequisite to a valid default judgment.
In a suit on a promissory note, the note itself is the very foundation of the cause of action. It is concluded that if plaintiff either fails to produce the note, or satisfactorily explains his failure to do *559 so, and this failure is apparent on the face of the record, plaintiff has failed to prove the prima facie case necessary to obtain a valid default judgment.
In order to do justice to all parties, this court will remand this case to the trial court under the provisions of Article 906 of the Code of Practice. Both parties may then have an opportunity to introduce any competent evidence which should be helpful in rendering a valid, definitive judgment in this matter.
For the reasons set forth above, the judgment appealed from is set aside and this cause is remanded to be reinstated on the docket of the trial court for further proceedings in due course; all costs of this appeal to be borne by defendant-appellant.
Reversed and remanded.