195 So.2d 737 (1967)
Charles H. GILMAN et al.
v.
Alphonse L. BABIN, Sr., et al.
No. 6881.
Court of Appeal of Louisiana, First Circuit.
January 30, 1967.
Rehearing Denied March 13, 1967.
*738 Cecil N. Bankston, Baton Rouge, for appellants.
W. P. Wray, Jr., of Wray & Simmons, Baton Rouge, for appellees.
Before LOTTINGER, REID and SARTAIN, JJ.
LOTTINGER, Judge.
This is an appeal from a judgment taken on confirmation of default in the Lower Court. The appellants are Alphonse L. Babin, Sr., Alphonse L. Babin, Jr. and Gerald J. Babin.
This suit was originally filed on February 23, 1962, and named Alphonse L. Babin, Sr., Alphonse L. Babin, Jr. and Gerald J. Babin as co-defendants. Petitioner subsequently filed a supplemental petition in which he added Babin Brothers, Inc. as a party defendant.
Attached to the supplemental petition were certain interrogatories propounded to Alphonse L. Babin, Sr., Alphonse L. Babin, Jr. and Gerald J. Babin. These interrogatories were answered by the defendants.
Subsequently the defendants filed exceptions of no cause or right of action, which exceptions were overruled. On February 7, 1964, some two years following the institution of this matter, a judgment by default was taken against Alphonse L. Babin, Sr., Alphonse L. Babin, Jr., Gerald J. Babin and Babin Brothers, Inc., jointly and in solido in the sum of $697.00. The defendants have taken this appeal.
The record discloses that on June 21, 1957, Babin Brothers, Inc., which was then a corporation and in which the other defendants were stockholders, sold a certain lot of ground with a residence constructed thereon to petitioner for the sum of $17,760.00. Subsequent thereto, certain latent defects appeared in the said house which caused damage to the carport. The defect complained of was obviously the fact that the concrete slab had been poured over unfirm soil, or over soil which had not been tamped properly. As a result thereof, petitioner claims damages to his improvements at the sum of $697.00, damages for mental anguish and pain in the sum of $10,000.00, or $5000.00 for each of the petitioners, Charles H. Gilman and his wife, and attorney fees in a reasonable amount. The judgment awarded by the Lower Court was in the sum of $697.00.
The basis of the appeal by the defendants is the fact that petitioners failed to prove their case in the Lower Court. As this was a judgment by default there was no transcript of the evidence in the Lower Court. Included in the record is a statement by the Judge of the Lower Court to the effect that he is unable to give a statement of facts in this proceeding because of the numerous default judgments which are taken in his Court and that he could not correctly remember the evidence adduced in each case, particularly after so long a lapse of time.
Article 1702 of the Louisiana Code of Civil Procedure, relative to default judgments, provides in part that "judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case." The settled jurisprudence of this state is to the effect that where it is expressed in the default judgment that it was confirmed and made final on due proof of the plaintiff's demands, it will be presumed that legal and sufficient evidence was produced before the Judge and that the judgment is correct. Vehrs v. Jefferson Insurance Company, La.App., 168 So.2d 873; Lindsley-Feiber Motor Company v. Brumfield, La.App., 111 So.2d 555; Harris v. Womack, La.App., 83 So.2d 541; Massey v. *739 Consumer's Ice Company of Shreveport, Inc., 223 La. 731, 66 So.2d 789.
Where a record on appeal from a default judgment does not contain the transcript of testimony of any witnesses at the hearing on confirmation of default and the record does not contain statement of facts by the Trial Court, the default judgment is presumed to have been based upon sufficient evidence and to be correct and an appellate tribunal has no authority to inquire beyond the Trial Court's recital that due proof was made. Vehrs v. Jefferson Insurance Company, supra; Clark v. Richardson, La.App., 157 So.2d 325; Miller v. Rollins, La.App., 111 So.2d 146; Lindsley-Feiber Motor Company v. Brumfield, supra; Harris v. Womack, supra; Frederick v. Popich Marine Construction, Inc., La. App., 136 So.2d 423; Bush v. Bush, La. App., 163 So.2d 858. In the judgment which is now on appeal is recited the fact that petitioner has produced due proof on his claim and that the Court is of the opinion that the law and evidence are in favor thereof. There is nothing in the record to disclose that the Lower Court erred in granting a judgment in favor of petitioner. According to law and the jurisprudence we must assume that the judgment of the Lower Court was founded upon sufficient proof.
Defendants Alphonse L. Babin, Sr., Alphonse L. Babin, Jr., and Gerald J. Babin contend, however, that there was no contractual relationship between themselves and the petitioner and that therefore the petitioner has no redhibitory action against them individually under the provisions of Art. 2520 of the Louisiana Civil Code.
Article 9 of the petition recites as follows:
"Your petitioners further show that at the time the foundation referred to hereinabove was poured that Property Development Corporation and Babin Brothers, Inc., its agents, employees and servants, knew that the condition of the property was not suitable for the pouring of the concrete slab foundation and that said property as a result thereof would not be suitable for residential habitation and fraudulently concealed the same from your petitioners, all of which was unknown to your petitioners until May 15, 1961."
Title 12, Section 19, Subsection B of the Louisiana Revised Statutes provides that a shareholder of a corporation formed after January 1, 1929, shall not be personally liable for any debt or liability of the corporation. However Subsection C of said Section and Title provides that:
"Nothing in this Chapter shall be construed as in derogation of any rights which any person may by law have against an incorporator, subscriber, shareholder, director, officer, or the corporation, because of any fraud practiced upon him by any such persons or the corporation, or in derogation of any right which the corporation may have because of any fraud practiced upon it by any of these persons."
Therefore, under the provisions of R.S. 12:19(C), Alphonse L. Babin, Sr., Alphonse L. Babin, Jr., and Gerald J. Babin cannot hide behind the corporate veil of Babin Brothers, Inc., if the fraudulent action as set forth in Article 9 of the petition was proved in the Lower Court, and, as discussed previously, such proof is presumed upon an appeal from a confirmation of default.
In addition to the alleged errors which we have disposed of, Mr. Alphonse L. Babin, Sr. claims that the Lower Court committed error in rendering judgment against him as he was not properly cited before the Lower Court. The reverse of the original citation addressed to Mr. Alphonse L. Babin, Sr., which is filed of record, contains the notation by the deputy sheriff to the effect that service was made on Alphonse L. Babin, Sr. through John Sheppard, *740 attorney of record. This service was made on November 30, 1962. Prior to this service, Mr. Babin, Sr. had filed answers to the interrogatories propounded by petitioner on November 28, 1962. The answer to interrogatories were taken before Mr. John R. Sheppard, Notary Public. On January 9, 1963, the peremptory exception of no right or cause of action was filed by the three Babins. Although the name Alphonse L. Babin, Jr. appears twice in these exceptions, it is apparent that this was inadvertent error and that Alphonse L. Babin, Sr. was one of the actual exemptors. In the minute entry of October 21, 1963, we find the wording "* * * for oral reasons assigned the exceptions of no cause and no right of action filed herein by Alphonse L. Babin, Sr., Alphonse L. Babin, Jr. and Gerald J. Babin were overruled." There were also introduced into evidence copies of three letters written by the attorney for petitioner to Mr. Sheppard requesting that he file answer otherwise a default judgment would be taken against his clients.
Article 925 of the Louisiana Code of Civil Procedure classifies insufficiency of service of process among the declinatory exceptions. This article provides that "when a defendant makes an appearance, all objection which may be raised through the declinatory exception, except the court's lack of jurisdiction over the subject matter of the action, are waived unless pleaded therein." The defendant, Mr. Babin, Sr., made at least two appearances in this action, the first when he filed answers to the interrogatories, and secondly when he filed the exceptions of no right or cause of action. Furthermore, Art. 928 of the Louisiana Code of Civil Procedure provides that the declinatory exception shall be pleaded prior to answer or judgment by default. The objection of insufficiency of service of citation was not raised by this defendant until this matter was before this court on appeal, and according to the clear provisions of the Louisiana Code of Civil Procedure, he is without right to raise this exception at this stage of the proceeding.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by defendants.
Judgment affirmed.