SARTAIN, Judge.
Plaintiff-appellee, instituted this present action which he entitled “Petition for Damages”. It grows out of an accident that occurred on January 20, 1967. The petition stated that on the date of the injury he was employed by Luther Tillman and while working with Tillman in attempting to unload a truck of pulpwood on the property of John and Allen Rollins, a cable on a lumber loading machine broke, striking petitioner in his left eye and causing him the loss thereof. Petitioner alleged that his employer, John and Allen Rollins, and the latter’s public liability insurer, were liable to him for damages as a result of the failure of the pulpwood machine. Petitioner further alleged that on January 12, 1968, he had previously instituted suit in the Federal District Court in New Orleans, which suit interrupted prescription. The instant action was filed on April 5, 1968.
No answer to plaintiff’s petition was filed by any of the defendants and on May 14, 1968 plaintiff entered a preliminary default. Evidence in confirmation of this preliminary default was received on May 17, 1968 and the matter was taken under advisement by the court.
On June 25, 1968 the district judge decreed that the default entered on May 14, 1968 be confirmed and made final and rendered judgment in favor of the plaintiff and against defendants-appellants, Luther Tillman, John Rollins and Allen Rollins, d/b/a Rollins Pulpwood and Timber Company and U. S. Fidelity and Guaranty Insurance Company, jointly and in solido, in the amount of $6,310.63, together with legal interest from date of judicial demand and for all costs.
Notice of the signing of this judgment was sent to defendants by the Clerk of Court on June 25,1968.
On July 5, 1968 defendants, John and Allen Rollins, d/b,/a Rollins Pulpwood and Timber Company and U. S. Fidelity and Guaranty filed a motion for a new trial. The minutes of the court do not reflect what disposition was made of this motion. However, on the same date, July 5, 1968, the same defendants applied for and were granted suspensive and devolu-tive appeals from the judgment “read, rendered and signed on June 25, 1968”. On this same date, July 5, 1968, these defendants perfected a suspensive appeal by filing appropriate bond.
The record also contains pleadings on the part of these defendants entitled “Motion to Vacate Judgment”. This motion was not acted upon by the trial judge.
Defendants’ motion for a new trial and their motion to vacate the judgment of the district court were based upon the same grounds, namely, that throughout the course of this instant proceeding defendants were in constant communication with counsel for plaintiff relative to the previous suit filed by plaintiff in Federal Court. Counsel for defendants contend that they had an understanding with counsel for plaintiff that no action would be taken in the State Court pending a resolution of jurisdictional issues raised in the suit filed in the Federal Court. Accordingly, counsel for defendants urges that judgment was obtained in the State Court contrary to this understanding and the violation thereof by counsel for plaintiff constitute such ill practices that warrant vacating and annulling the judgment obtained in this instant matter.
Defendants urge these same grounds here on appeal and in the alternative ask that this matter be remanded to the trial court for proceedings on the merits. In addition, defendants ask in brief that plaintiff’s suit be dismissed on the peremptory exception of prescription. Attached to the brief is a copy of the suit in Federal Court indicating that the same was filed on January 12, 1968 (within the year of the accident) but that service was not had upon the defendants until January 24, 1968 (four days after the one year prescriptive period), and that therefore suit in the Federal *897 Court did not interrupt prescription. L.R. S. 9:5801.
For reasons hereinafter stated we must affirm the judgment of the district court and deny the relief sought by defendants.
On May 17, 1968 when plaintiff proceeded to confirm the preliminary default entered on May 14, 1968 the oral testimony adduced in support of plaintiff’s claim was not reported. The minutes of that date state:

“Plaintiff then introduced sworn oral testimony and exhibits in support of his case and the Court took the matter tinder advisement.”

The record contains numerous exhibits pertaining to plaintiff’s special damages and hospital records relative to his injuries. These exhibits considered along with the minute entry that the plaintiff introduced sworn oral testimony and exhibits in support of his case leave us with no other alternative hut to hold that there was ample evidence presented to the trial judge for the decision that was rendered.
Prior to the lodging of this case on appeal appellants did not ask the trial judge to hand down a narrative of facts in support of his judgment as permitted under C.C.P. Art. 1917. We have carefully reviewed the record in this case and cannot determine that the trial judge committed manifest error in rendering judgment on the evidence that was presented to him.
Our jurisprudence is well settled that in the absence of a clear showing to the contrary a judgment obtained by default is presumed to have been rendered on competent evidence. In Gilman v. Babin, La.App., 195 So.2d 737, the court said:
“Article 1702 of the Louisiana Code of Civil Procedure, relative to default judgments, provides in part that ‘judgment of default must be confirmed by proof of the demand sufficient to establish a pri-ma facie case.’ The settled jurisprudence of this state is to the effect that where it is expressed in the default judgment that it was confirmed and made final on due proof of the plaintiff’s demands, it will be presumed that legal and sufficient evidence was produced before the Judge and that the judgment is correct. Vehrs v. Jefferson Insurance Company, La.App., 168 So.2d 873; Lindsley-Feiber Motor Company v. Brumfield, La.App., 111 So.2d 555; Harris v. Womack, La.App., 83 So.2d 541; Massey v. Consumer’s Ice Company of Shreveport, Inc., 223 La. 731, 66 So.2d 789.
“Where a record on appeal from a default judgment does not contain the transcript of testimony of any witnesses at the hearing on confirmation of default and the record does not contain statement of facts by the Trial Court, the default judgment is presumed to have been based upon sufficient evidence and to be correct and an appellate tribunal has no authority to inquire beyond the Trial Court’s recital that due proof was made. Vehrs v. Jefferson Insurance Company, supra; Clark v. Richardson, La.App., 157 So.2d 325; Miller v. Rollins, La.App., 111 So.2d 146; Lindsley-Feiber Motor Company v. Brumfield, supra; Harris v. Womack, supra; Frederick v. Popich Marine Construction, Inc., La.App., 136 So.2d 423; Bush v. Bush, La.App., 163 So.2d 858.”
Defendants contend that the first knowledge that they had that judgment was rendered against them in the trial court was when they received the Clerk’s notice that the same had been signed. Although the record does not reflect why the trial judge refused to act upon defendants’ motion for a new trial, we observe that the notice of the Clerk is dated June 25, 1968. Defendants had three legal days in which to apply for a new trial. We take judicial notice that June 26, 27 and 28, Wednesday, Thursday and Friday, and July 1, 2 and 3, Monday, Tuesday and Wednesday, passed before defendants’ motion was filed on July 5, 1968 (C.C.P. Art. 1974). Apparent *898 ly, the trial judge did not act upon the motion because it was not timely filed.
We cannot consider a peremptory exception of prescription for the first time on appeal unless it is in compliance with C.C.P. Art. 2163. In Scott v. Boh Brothers Construction Company, La.App., 19S So.2d 353, it was held that a plea of prescription could not be considered for the first time on appeal if the same was raised by brief alone. We note in the instant matter that defendants’ plea of prescription is not based upon proof that appears in the record nor was it urged in special pleadings which would give us the right to remand this matter to the trial court for the purpose of considering the plea." Accordingly, we must overrule the exception.
Defendants have in their brief stated many reasons why we should set aside the judgment of the district court because the same was obtained by what defendants contend were ill practices on the part of counsel for plaintiff. We do not express an opinion as to whether these contentions of defendants are meritorious or not because they are not before us for consideration at this time. These contentions could have been considered by the trial judge if defendants’ application for a new trial had been timely filed. Elchinger v. Lacroix, 192 La. 908, 189 So. 572.
However, there is still available to defendants a separate action under C.C.P. Art. 2004 to have the judgment of June 25, 1968 set aside if these contentions are in fact supported by proper proof. We might also state that in the event defendants successfully prove that the judgment of June 25, 1968 should be set aside, this case may then proceed to a trial on the merits and the plea of prescription now urged could then be properly invoked.
Accordingly, for the above and foregoing reasons the judgment of the district court is affirmed at appellants’ cost.
Affirmed.