ON REHEARING
A rehearing was granted herein to permit us to reconsider our original conclusion that the exceptions of prescription filed by defendants should be sustained. Ultimately, the question to be determined is whether or not the petition of intervention filed by the plaintiff, George L. Richardson, in Civil Action No. 117,266, on the Docket of the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana interrupted or suspended the one year prescriptive period of this tort action.
We need not reiterate the facts or issues in detail stated previously. An examination of the record in Suit Number 117,266 discloses that the plaintiff’s petition of intervention was filed in that suit on December 12, 1966, and copies thereof were served on all defendants on December 14, 1966. However, no citations were issued.
The alleged tort for which plaintiff seeks damages occurred on December 10, 1965. This action was filed May 20, 1968. Hence, unless there was an interruption of prescription before the tolling of the one-year period, the pleas of prescription necessarily must be sustained. Counsel for the plaintiff-appellant strenuously contends that the filing of the petition of intervention by plaintiff in Suit No. 117,266 interrupted prescription. The plaintiff further contends the intervention was filed in a court of competent jurisdiction; and that the mere act of filing the suit interrupted prescription under the provisions of LSA-R.S. 9:5801, which states:
“All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in proper venue. When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process.”
On the contrary, the defendants are equally insistent that the intervention filed by the plaintiff did not constitute a civil action, for the reason that no citation was issued or served on either of the defendants ; and that citation and service thereof is essential to the commenment of a civil action, as required by LSA-C.C.P. Article 1201, which states:
“Citation and service thereof are essential in all civil actions except summary and executory proceedings. Without them all proceedings are absolutely null. The defendant may expressly waive citation and service thereof by any waiver made part of the record.”
An examination of the record of the suit in which plaintiff filed his intervention discloses that each of the defendants was served with a copy of the intervention, but that no citation was issued. However, the defendants appeared and, without excepting to the lack of citation, or to the jurisdiction of the court, filed exceptions to the petition of intervention filed by plaintiff in which they alleged:
“The intervenor has no interest in the principal demand which constitutes the basis of this suit, and therefore has no right to intervene in the suit presented by the main demand, as a result of which intervenor has no right or cause of action in this suit; intervenor has no interest whatsoever in the object of the principal demand, i. e., the recovery of damages by plaintiffs therein, and intervenor does not seek to enforce a right related to or connected with the object of the principal demand.”
The District Court sustained the above mentioned exceptions and dismissed plaintiff’s intervention, without prejudice, on May 20, 1968; and the plaintiff, on the same day, instituted the action now under *458 consideration. The defendant, Lois S. Lombardo in her aforesaid capacity, filed a plea of prescription of one year on May 29, 1968; and the other defendants filed a like plea of prescription on June 14, 1968.
The Trial Court concluded that without citation and service thereof the intervention, filed by plaintiff as aforesaid, was null, void and had no meaning. In sustaining the pleas of prescription and disposing of the issues here involved the Trial Court, in written reasons for judgment, said:
“It is admitted that defendants, Lom-bardo and Emmons, were not cited in Suit No. 117,266 and when they were cited in Suit No. 127,166, one year’s prescription had already applied. The Court is firmly convinced that the intervention filed by Richardson in Suit No. 127,166 (sic) did not interrupt prescription.”
In Stanley v. Jones, 197 La. 627, 2 So.2d 45, the Supreme Court cited City of New Orleans v. Walker, 23 La.Ann. 803, and declared: “A want of citation is cured by the appearance of defendant in the suit for any other purpose than to allege the want of citation.”
The Louisiana Supreme Court in Baton Rouge Building Trades Council v. T. L. James & Co., 201 La. 749, 10 So.2d 606, adopted the lower court’s holding that “A want of citation is cured by the appearance of defendant in the suit for any other purpose than to allege the want of citation.”
In the more recent case of Stelly v. Quick Manufacturing, Inc., La.App., 228 So.2d 548, the court held that a defendant waives citation and service of process by making an appearance, and in that connection cited Gilman v. Babin, 195 So.2d 737 (La.App. 1 Cir., 1967), and said:
“We also find no merit to the argument that a waiver of citation and service thereof is not valid unless made expressly and in writing, pursuant to the provisions of LSA-C.C.P. Art. 1201. The provisions of this article do not preclude a defendant from waiving citation and service of process by making a general appearance, as provided in Article 7 of the Louisiana Code of Civil Procedure.”
The defendants were served with copies of the petition of intervention which is almost identical with the petition filed by plaintiff in the instant suit. The defendants were fully informed of the nature of plaintiff’s demands in the petition of intervention which is not different from the demand in the instant suit. It is not disputed that the petition of intervention was filed in a court of competent jurisdiction; in fact, in the same court in which the instant suit was filed. Defendants appeared and filed exceptions and secured the dismissal of plaintiff’s petition of intervention. Through the intervention, the defendants were fully informed of the nature of plaintiff’s demands in the instant suit.
For the foregoing reasons, this court finds that when the defendants appeared and filed exceptions to plaintiff’s petition of intervention in said cause No. 117,266, without having first excepted to the want of citation, or the jurisdiction, the lack of citation and service thereof was waived. Hence, we conclude the filing of the petition of intervention by the plaintiff in said cause No. 117,266, was the commencement of a civil action which interrupted the running of the prescription of one year. Therefore, the judgment of the trial court sustaining the pleas of prescription filed by defendants-appellees is set aside and the pleas of prescription are overruled.
For the reasons herein assigned, our original opinion is set aside; and the judgment of the district court sustaining the pleas of prescription filed by defendants-appellees is annulled and set aside and the pleas of prescription are overruled. The case is remanded to the trial court for further proceedings in accordance with law, not inconsistent with this decree. The cost of this appeal assessed against the *459 defendants; all other costs to await the final outcome of these proceedings.
Original decree recalled; the judgment appealed annulled and set aside; and case remanded. The cost of this appeal is to be borne by defendants-appellants. All other costs are to await a final determination on the merits.
Reversed and remanded.