ELLIS, Judge.
Wallace C. Jumonville, Jr., Mrs. Gertrude Jumonville, Chester A. Melancon and Mrs. Mary Helen Jumonville Melancon, defendants herein, seek to have reversed and set aside a default judgment rendered against them in favor of plaintiff, Ascension Builders, Inc.
The following are the essential allegations of plaintiff’s petition:
“2. That defendant Wallace Jumonville, Jr. purchased materials from plaintiff and plaintiff performed certain labor for defendant, as set forth on the itemized statement of account annexed hereto; that said labor and materials were furnished for use in and actually used in the construction of a place of business known as Jumonville’s Bakery owned by the defendants located on Lots Numbers 1, 2, and 3 of Belle Rina Subdivision in the Town of Gonzales.
“3. That there is a balance past due, owing and unpaid of $6,958.81 and that amicable demand has been made without avail.
“4. That petitioner executed a lien affidavit on October 4, 1967, for the purpose of preserving the lien privilege granted by law to plaintiff; that said lien was duly recorded in the mortgage records of Ascension Parish within sixty (60) days after the date of the last material was delivered or labor performed on the construction of the building was completed.”
The prayer is for judgment in favor of plaintiff for $6,958.81, for recognition of its lien on the property, and for the sale thereof to satisfy the indebtedness.
Attached to the petition is an itemized list of labor and materials furnished, enti- *641 tied: “Purchases and work authorized by owner’s in excess of contract price.” Items totalling $5,716.32 are then listed. Below that is written “Bal. due on original contract . . . $1,242.49”, and a total of $6,958.81 is shown. The list is signed by E. R. Smythe, who is not otherwise identified, and a notary’s jurat and signature appear beneath his name.
The minute entry for May 13, 1968, shows that the “matter came up on confirmation of default. After evidence was adduced, judgment was read, rendered and signed.” The judgment contains the usual recital that “due proof” was produced in support of plaintiff’s demands, and it was rendered in favor of plaintiff and against all defendants in the full amount demanded. It also orders recognition and enforcement of the lien.
There is no note of evidence in the record, no copy of any contract, nor of the lien sought to be enforced by plaintiff, and we find no statement of facts by the parties or by the district judge.
In Baker Finance Co. v. Hines, 255 La. 971, 233 So.2d 902 (1970), the following language appears:
“The settled jurisprudence of this state is to the effect that where it is expressed in the default judgment that it was confirmed and made final on due proof of the plaintiff’s demands, it will be presumed that legal and sufficient evidence was produced before the Judge and that the judgment is correct.
ifc ‡ ‡ Jfí ‡ *
“While we are cognizant of the jurisprudence that the trial judge is presumed to have had sufficient evidence before him to render a confirmation of default judgment and great weight is given to statements in the judgment that it was rendered “upon due proof”, the fact remains that this is only a prima facie presumption and may be overcome by evidence to the contrary. This court declared in its early decision in the case of Hubbel [Hubbell] v. Clannon, 13 La. 494 (1839) that the presumption that judicial proceedings were regular obtains only when the contrary does not appear in the record.”
Articles 1702 and 1703 of the Code of Civil Procedure provide as follows:
“A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
“When the demand is for a sum due on an open account, an affidavit of the correctness thereof shall be prima facie proof. When the demand is based upon a negotiable instrument, no proof of any signature thereon shall be required.”
“A judgment by default shall not be different in kind from or exceed in amount that demanded in the petition.”
• It is apparent that this is a suit on a contract, rather than on an open account. When parties to a building contract agree, verbally or otherwise, that certain extra work is to be done, they are not entering into a series of new contracts, but are amending the original contract. Duffy v. Lagasse, 65 So.2d 337 (La.App. 4 Cir. 1953). We further note that plaintiff sued not only for such “extras”, but also for a balance due under the original contract. Such a claim cannot be proven by affidavit alone.
The only possible basis for liability for Mrs. Jumonville and Mr. and Mrs. Me-lancon can be under the provisions of R.S. 9:4902 et seq., as owners of the property subject to the lien. The lien was obviously not offered in evidence, since it forms no part of the record before us. The record on its face will not support a judgment against these three defendants.
As to Mr. Jumonville, he is sued on an open account, and the only evidentiary *642 document in the record reflects the cause of action to be one in contract. Under these circumstances, the presumption of validity no longer attaches to this proceeding. The plaintiff has not established on the face of the record that he is entitled to the relief sought, and, without the benefit of the presumption of validity, there is no basis for the judgment appealed from.
The judgment is therefore reversed and the case remanded to the trial court for further proceedings not inconsistent herewith. All costs of this appeal are to be borne by plaintiff.
Reversed and remanded.