LOTTINGER, Judge.
This is an appeal from a judgment taken on confirmation of default in the Lower Court. The appellant is Aleck Schultz.
From the record we find that on May 6, 1971, the plaintiff filed suit to enforce a materialman’s lien, against certain property in Iberville Parish, Louisiana, and named as defendants Aleck Schultz, the owner of the property, and George Alexander, a contractor. The petition alleges that plaintiff sold to the defendants certain building supplies, that a materialman’s lien was filed, and that the building supplies have not been paid for. On September IS, 1971, a motion for a preliminary default was entered, and on September 29, 1971, the preliminary default was confirmed.
The defendant appeals contending that the District Court “erred in rendering judgment in favor of the plaintiff, where the record itself reveals that due proof of the claim of the plaintiff was not made” and “erred, particularly, in rendering judgment against the appellant where a copy of the purported lien was not offered and introduced into the record, and where a statement of account showing that, appellant made the purchases on which the claim was based was, likewise, not offered and introduced into the records”.
Defendant-appellant cited to this court the case of Ascension Builders, Inc. v Jumonville, 251 So.2d 639 (La.App. 1st Cir., 1971) for the proposition that a judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. Ascension Builders, supra, does not stand for the proposition for which it was cited and inasmuch as writs were granted in said case, we rely on the case of Gilman v. Babin, 195 So.2d 737 *496 (La.App. 1st Cir., 1967), wherein writs were refused, 250 La. 737, 199 So.2d 179.
The Babin case, supra, was also an appeal from a judgment taken on confirmation of default. There the appellants contended that the plaintiffs had failed to prove their case in the Lower Court. In the Babin case, supra, we stated:
“Article 1702 of the Louisiana Code of Civil Procedure, relative to default judgment, provides in part that ‘judgment of default must be confirmed by proof of the demand sufficient to establish a pri-ma facie case.’ The settled jurisprudence of this state is to the effect that where it is expressed in the default judgment that it was confirmed and made final on due proof of the plaintiff’s demands, it will be presumed that legal and sufficient evidence was produced before the Judge and that the judgment is correct. Vehrs v. Jefferson Insurance Company, La.App., 168 So.2d 873; Lindsley-Feiber Motor Company v. Brumfield, La.App., 111 So.2d 555; Harris v. Womack, La.App., 83 So.2d 541; Massey v. Consumer’s Ice Company of Shreveport, Inc., 223 La. 731, 66 So.2d 789.
Where a record on appeal from a default judgment does not contain the transcript of testimony of any witnesses at the hearing on confirmation of default and the record does not contain statement of facts by the Trial Court, the default judgment is presumed to have been based upon sufficient evidence and to be correct and an appellate tribunal has no authority to inquire beyond the Trial Court’s recital that due proof was made. Vehrs v. Jefferson Insurance Company, supra; Clark v. Richardson, La.App., 157 So.2d 325; Miller v. Rollins, La.App., 111 So.2d 146; Lindsley-Feiber Motor Company v. Brumfield, supra; Harris v. Womack, supra; Frederick v. Popich Marine Construction, Inc., La.App., 136 So.2d 423; Bush v. Bush, La.App., 163 So.2d 858. In the judgment which is now on appeal is recited the fact that petitioner has produced due proof on his claim and that the Court is of the opinion that the law and evidence are in favor thereof. There is nothing in the record to disclose that the Lower Court erred in granting a judgment in favor of petitioner. According to law and the jurisprudence we must assume that the judgment of the Lower Court was founded upon sufficient proof.”
In the instant case, the judgment provides in its first paragraph, “This matter was taken up this day on confirmation of default. It being shown that all legal delays have elapsed, that the defendants have failed to answer, and the law and the evidence being in favor of plaintiff
We feel that we are bound by the judgment in the Babin case, supra, and therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed. All costs of this appeal to be paid by defendant-appellant.
Judgment affirmed.