FRUGÉ, Judge.
Plaintiff Lillie Joyce Miller filed suit for separation from bed and board together with demands to be recognized as owner of an undivided one-half of the property belonging to the community existing between she and the defendant, and to be awarded custody of the minor children of the marriage. The defendant failed to answer and a default judgment was entered against him on February IS, 1973. This default was confirmed and judgment was rendered in favor of the plaintiff, defendant appealed. We affirm.
Pursuant to the Louisiana Code of Civil Procedure, Article 2131, counsel of record for the parties entered into a written narrative of facts, there being no written record in these proceedings. The narrative constitutes the facts of this case before the court.
Unfortunately, this tribunal did not have the opportunity to hear nor examine the testimony of the witnesses as did the trial court. We have only the rudimentary facts agreed to by counsel. While this written narrative provides the facts of this case, it is a poor substitute for written testimony.
It is well established that a default judgment is presumed based upon sufficient evidence produced before the trial court. Therefore, it is incumbent upon the defendant to overcome this presumption.
The Supreme Court in the recent case of Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875, 878 (1972) states:
“In order to obtain reversal of a default judgment appealed from, or to obtain a remand, defendant must overcome the presumption that the judgment was rendered upon sufficient evidence and that it is correct. When the judgment recites, as it does here, that plaintiff has produced due proof in support of its demand and that the law and evidence favor plaintiff and are against the defendant, the presumption exists that the judgment was rendered upon sufficient evidence and that it is correct. Baker Finance Co. v. Hines, 255 La. 971, 233 So.2d 902 (1970); Massey v. Consumer’s Ice Co. of Shreveport, 223 La. 731, 66 So.2d 789 (1953); Nugent v. Stark, 34 La.Ann. 628 (1882).”
The defendant has failed to overcome this presumption on appeal. The allegations in the petition assert that the defendant is guilty of numerous acts of mental cruelty rendering the marriage insupportable. The written narrative of facts evid- *279 enees testimony of the plaintiff, a neighbor, and a fellow employee of the defendant to the effect that the defendant was guilty of such acts constituting mental cruelty against the plaintiff.
The written narrative of facts reveals in pertinent part: “pursuant to the allegations of Paragraph 3(F) of plaintiff’s petition, she testified that for many years the defendant has been very critical and unsatisfied with the plaintiff, and complained of her care of the home and the children and accused her of neglect of the children and the defendant; . . . ”. Additionally, plaintiff, and as corroborated by the witnesses, testified to the defendant’s refusal to allow the children to attend a particular church and the ensuing argument.
Defendant contends that the sole cause of the separation was the incident over the attendance of church. It is apparent that this particular incident was merely the culmination of years of criticism, complaints, and arguments. This was so to speak “the straw that broke the camel’s back.”
 It is unfortunate that a religious disagreement became the precipitating cause of this separation, since religion is normally a source of strength and greater unification of marriage partners. While such an incident is not of itself sufficient to render living together insupportable, when taken together with the other acts of defendant, it can be mental cruelty of the degree necessary to render living together insupportable. Plaintiff at confirmation of the default proved her allegations to the satisfaction of the trial court. From this vantage point, without a clear showing that the trial judge did not have sufficient evidence upon which to render a verdict, this court is 'unable to say that the defendant has overcome the presumption imposed upon him under our law.
For the reasons set forth in this opinion, the judgment of the District Court is affirmed. Costs are assessed to the defendant-appellant.
Affirmed.