SARTAIN, Judge.
This suit was instituted by plaintiff, Lula Mae Allemand Marie, against defendants, J. T. (Jimmy) Doucette and Yvonne Champagne Doucette, to recover the balance on a promissory note secured by a mortgage[1] on immovable property sold to the Doucettes by plaintiff Marie. Defendants failed to answer timely and default judgment was entered against them on November 25, 1974. Following confirmation, the judgment was signed on November 29, 1974 from which defendants have perfected this appeal.
On December 27, 1974, Patricia Daigle LaRose and Frederick S. LaRose, styling themselves as third party defendants, filed a “Motion to Annul Judgment” alleging fraud and ill practices and obtained an order staying the judgment pending further proceedings. The LaRoses alleged interest in the suit based upon their purchase from the Doucettes of the immovable property encumbered with the mortgage and assumption of the obligation on the note. Plaintiff filed a motion to dissolve the stay order on grounds that there is no provision in the law for the issuance thereof and further sought an award of reasonable attorney’s fees for its wrongful issuance. In addition, plaintiff filed exceptions of no right of action and no cause of action. A *807 hearing was held on February 13, 1975 on the motion and exceptions filed by plaintiff, as well as on the motion filed by defendants and the matter was taken under advisement.
Subsequently, judgment was rendered on February 18, 1975 wherein the trial judge dissolved-the stay order, finding it improvidently issued, denied plaintiff’s request for reasonable attorney’s fees, and sustained plaintiff’s exception of no right of action. From this judgment the LaRoses have appealed, which appeal has been consolidated with that of the Doucettes (the LaRoses have joined in that appeal also) for determination before this court. Plaintiff has answered the appeal of the LaRoses seeking modification in the February 18th judgment insofar as it denied his request for reasonable attorney’s fees for wrongful issuance of a stay order.
We turn first to the appeal of the default judgment itself. Defendants argue that the default judgment rendered herein is invalid upon the face of the record due to an insufficiency in the sheriff’s return appearing on the back of the citation of defendant Yvonne Champagne Doucette. Said citation is addressed to Yvonne Champagne Doucette, dated November 6, 1974 and complies with all requirements of La.C.C.P. Art. 1202.[2] On the back of the citation appears the sheriff’s return, which states that domiciliary service was made November 7, 1974, “. . . on J. T. Jimmy Doucette, the defendant, at his dwelling house or usual place of abode by leaving same with wife, person of suitable age and discretion residing therein as a member of defendant’s domiciliary establishment.”
Defendants argue that the return does not indicate Mrs. Doucette was ever served since it states it was served on “J. T. Jimmy Doucette”, rather than upon Yvonne Champagne Doucette.
La.C.C.P. Art. 1292 states that the sheriff shall endorse on a copy of the citation the date, place and method of service and sufficient other data to show service in compliance with law. It is clear from the citation that service was made upon the wife of J. T. Doucette. Mrs. Doucette does not argue that she did not receive the citation, and there is no showing that the “wife” of J. T. Jimmy Doucette who received the citation was anyone other than the defendant herself. Accordingly, we conclude the data recorded in the citation is sufficient to show service in compliance with law, specificially, personal service pursuant to La.C.C.P. Art. 1232.[3]
Defendants further argue the invalidity of the default judgment on allegations that plaintiff failed to comply with La.C.C.P. Art. 1702[4] in that the confirmation was less than two (2) days following the entry of the preliminary default. This argument is based upon the minute entries in the record which show that on November 26, 1974, one day following the entry of the preliminary default, the testimony *808 of one Paula Langford was heard on the confirmation with additional evidence to be produced later. On November 29, 1974, the testimony of Lula Mae Allemand Marie was heard, and upon the conclusion of her testimony, judgment was signed.
We need not determine whether the taking of testimony on November 26, 1974 was in violation of La.C.C.P. Art. 1702, since there was testimony taken in the matter on November 29, 1974, or at least two days after the entry of the preliminary default, and there is no showing that that testimony by itself would be insufficient to sustain the judgment. The testimony adduced at the confirmation does not appear in the record. The Louisiana Supreme Court stated in Ascension Buildings, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875 (1972), citing La.C.C.P. Arts. 2130 and 2131, that there is no requirement that a party confirming a default have the testimony reduced to writing and if such a narrative is desired, it is the appellant’s responsibility to obtain it. The court stated further that where there is no note of the parol testimony taken, the judgment is, nevertheless, presumed to be well founded and based upon sufficient evidence, unless the contrary be shown. No such showing has been made in the present case.
We turn now to the appeal of the LaRoses from judgment against them maintaining plaintiff’s exception of no right of action. We note that defendants have by motion attempted to annul the judgment on the grounds of fraud and ill practices. It is well settled that such grounds for annulment may only be raised through a direct proceeding and may not be raised collaterally. Pontchartrain Park Homes, Inc. v. Sewerage & Water Board, 246 La. 893, 168 So.2d 595 (1964); Nethken v. Nethken, 307 So.2d 563 (La.Sup.Ct., 1975). The court stated in Nethken, at page 565:
“A judgment, although founded on ill practices, must be presumed to have been regularly obtained until the contrary is shown in direct proceedings. By a direct action is meant that the party praying for the nullity of a judgment, before the court which has rendered same, must bring his action by means of a petition; and the adverse party must be cited to appear, as in ordinary suits. La.Code Civ.P. art. 1201, 2001-2006; cf. La.Code Practice art. 610; Garnett v. Ancar, 203 So.2d 812 (La.App.1967).
A collateral attack, on the other hand, is defined as an attempt to impeach the decree in a proceeding not instituted for the express purpose of annulling it. Brigot v. Brigot, 47 La.Ann. 1304, 17 So. 825 (1895); * * * ”
We conclude that the motion to annul in the present suit is a collateral attack on the prior judgment inasmuch as it is an attempt to impeach the default judgment in the default proceedings rather than in a separate proceeding brought by petition for the express purpose of annulment. Defendants have no right to demand a nullity on grounds of fraud and ill practices in these proceedings. Thus we sustain the exception of no right of action.
With respect to plaintiff’s answer seeking a modification in the trial court’s judgment insofar as it denied him reasonable attorney’s fees claimed for wrongful issuance of the stay order, we find such modification warranted on the face of the record which indicates that the hearing wherein plaintiff sought dissolution of the order commenced at 9:00 o’clock A. M. on February 13, 1975, and concluded on that day at 5:45 o’clock P. M. Accordingly, pursuant to La.C.C.P. Art. 3608 [5], for serv *809 ices rendered in connection with the dissolution, we award attorney’s fees as an element of damages in the amount of $350.00. All other claims for damages in connection with the stay order are denied as they are unsupported by the record.
Accordingly, for the above and foregoing reasons, the default judgment in favor of plaintiff, Lula Mae Allemand Marie, against J. T. Jimmy Doucette and Yvonne Champagne Doucette is affirmed. The judgment of the trial court in favor of plaintiff, Lula Mae Allemand Marie, against defendants, Patricia Daigle LaRose and Frederick S. LaRose, maintaining plaintiff’s exception of no right of action is affirmed. Judgment against plaintiff, Lula Mae Allemand Marie, in favor of Patricia Daigle LaRose and Frederick S. LaRose dismissing plaintiff’s claim for reasonable attorney’s fees is reversed and the same is hereby rendered in favor of plaintiff in the amount of $350.00. All costs of these proceedings are assessed against defendants-appellants.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.

. Which mortgage contained a pact de non alienando thereby enabling the mortgagee to ignore subsequent sales of the mortgaged property and to proceed only against the mortgagor. See Freedman v. Ratcliff, 183 La. 1, 162 So. 783 (1935).

.Art. 1202. Form of citation.
The citation must be signed by the clerk of the court issuing it with an expression of his official capacity and under the seal of his office; must be accompanied by a certified copy of the petition, exclusive of exhibits, even if made a part thereof; and must contain the following:
(1) The date of issuance;
(2) The title of the cause;
(3) The name of the person to whom it is addressed;
(4) The title and location of the court issuing it; and
(5) A statement that the person cited must either comply with the demand contained in the petition or make an appearance, either by filing a pleading or otherwise, in the court issuing the citation within the delay provided in Article 1001 under penalty of default.

. Art. 1232. Personal service.
Personal service is made when a proper officer tenders the citation or other process to the person to be served.

. Art. 1702. Confirmation of default judgment.
A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.

. Art. 3608. Damages for wrongful issuance of _ temporray restraining order or preliminary injunction.
The court may allow damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or on a reconventional demand. Attorney’s fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or after trial on the merits.