340 So.2d 1063 (1976)
Peter G. BOURGEOIS
v.
James J. DAIGLE.
No. 11015.
Court of Appeal of Louisiana, First Circuit.
December 20, 1976.
Eddie N. Pullaro, Houma, for plaintiff and appellee.
E. Ross Buckley, Jr., New Orleans, for defendant and appellant.
Before LANDRY, COLE and CLAIBORNE, JJ.
*1064 COLE, Judge.
Peter G. Bourgeois, plaintiff-appellee, filed suit against James J. Daigle, defendant-appellant, for damages to his automobile allegedly resulting from defendant's negligence in causing a collision on December 22, 1975. The defendant failed to answer and a default judgment was entered on May 6, 1976. This default was confirmed on May 12, 1976, and judgment was rendered in favor of the plaintiff. The defendant appeals this judgment. We affirm.
The appellant contends that the trial court erred in its failure to find plaintiff contributorily negligent. However, this contention is without merit. Contributory negligence is an affirmative defense which must be specifically pled in answer and cannot be raised for the first time on appeal. La. C.C.P. art. 1005.
The appellant further contends that the trial court erred in allowing an unauthenticated repair estimate to be presented into evidence, in allowing damages for repairs which were unrelated to the accident, and in awarding excessive damages. These various allegations of error by the trial court involve basically the issue of the sufficiency of proof required of plaintiffs who seek to confirm default judgments and are factual determinations. See C.C.P. art. 1702.
The minute entry of the court on May 12, 1976, indicates that the trial court rendered judgment in favor of the plaintiff after hearing the evidence, including the testimony of five witnesses. The judgment states that the pleadings, law and evidence were in favor of the plaintiff. However, the testimony adduced at trial was not transcribed.
When there is no transcript in the record, Louisiana Code of Civil Procedure Articles 2130 and 2131 provide that the appellant must request that the parties agree to a written narrative of facts or that the judge make a written narrative. This record does not contain a narrative of facts, either made by the trial judge or stipulated between the parties. Therefore, this Court has before it no evidence to review to determine the factual issues concerning whether the judgment was rendered upon sufficient proof as required by La. C.C.P. art. 1702. For example, since five witnesses testified at the hearing, perhaps the repair estimate was entered pursuant to the testimony of the individual who prepared it. Furthermore, perhaps the witnesses' testimony thoroughly established that the award was not excessive and that the damages were related to the accident.
The problem of a lack of transcript on appeal was addressed by the Supreme Court in Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875, 877 (1972), wherein the Court said:
"There is no requirement that a party confirming a default must have the testimony reduced to writing or that a note be made of the evidence introduced, and when a judgment has been rendered and no note of evidence has been made, it is incumbent on the party desiring to appeal to secure a narrative in accordance with Articles 2130 and 2131 of the Code of Civil Procedure. [Citations omitted]"
See, also, Marie v. Doucette, 328 So.2d 805 (La.App.1st Cir. 1976).
In Hutcherson v. Welch, 316 So.2d 144 (La.App.2nd Cir. 1975), it was stated:
"Where there are factual issues involved and the record contains neither a transcript of the testimony nor a narrative of facts, there is nothing for appellate review. There being no evidence to review, the presumption is that the judgment of the trial court is supported by sufficient competent evidence." (316 So.2d at 144)
See also Miller v. Miller, 283 So.2d 277 (La.App.3rd Cir. 1973) and Gilman v. Babin, 195 So.2d 737 (La.App.1st Cir. 1967).
For the foregoing reasons, the judgment of the trial court is affirmed. The costs of this appeal are assessed to the appellant.
AFFIRMED.