COLE, Judge.
This matter is on suspensive appeal from the confirmation of a default judgment taken by plaintiff, Frank Lewis, against defendant, Robert Franklin Ault. The judgment appealed is one making executory a money judgment rendered by the Circuit Court for Hillsborough County, Florida.
On appeal, defendant first argues that the trial court erred in accepting evidence of the Florida judgment against Frank Ault without proof that he is the same person as Robert Franklin Ault, named as defendant herein.
The entire file of the Florida proceeding was introduced into evidence at the confirmation hearing. The record reveals that the Florida suit named one Frank Ault as defendant. The citation was issued to Frank Ault of 13131 Plank Road in Baker, Louisiana. Service was accomplished in person by Deputy H. E. Whitfield. This suit was one on a contract, which was introduced in evidence. This contract was executed by one “R. F. Ault” and bears the initials “R.F.A.” on each page.
The instant suit names Robert Franklin Ault as defendant and alleges that he is the same person as Frank Ault, the judgment debtor in the Florida suit. Personal service of the instant petition was made (again by Deputy Whitfield) on Robert Franklin Ault at Plank Road.
Defendant herein does not deny that he is, in fact, the judgment debtor in the Florida suit. Surely, if such were not the case, defendant would raise that fact. Under the circumstances of this case, we find that the signature “R. F. Ault” on the contract and the fact that service was made in both suits at Plank Road constitutes sufficient, competent evidence that the Florida judgment debtor and the present defendant are the same person.[1]
Moreover, the judgment appealed recites that due proof was produced in support of plaintiff’s demands and that the law and the evidence was in favor of plaintiff. In such instances, there is a presumption in our law that due proof was, in fact, made of the elements of plaintiff’s case. The absence of a transcript of testimony is immaterial.
In Gilman v. Babin, 195 So.2d 737 (La. App. 1st Cir. 1967), writ refused, 250 La. 737, 199 So.2d 179 (1967), the court stated, at page 738:
“The settled jurisprudence of this state is to the effect that where it is expressed in *1254 the default judgment that it was confirmed and made final on due proof of the plaintiffs demands, it will be presumed that legal and sufficient evidence was produced before the judge and that the judgment is correct.” [Citations omitted.]
Further, Gilman states, at page 739:
“Where a record on appeal from a default judgment does not contain the transcript of testimony of any witnesses at the hearing on confirmation of default and the record does not contain statement of facts by the Trial Court, the default judgment is presumed to have been based upon sufficient evidence and to be correct and an appellate tribunal has no authority to inquire beyond the Trial Court’s recital that due proof was made.” [Citations omitted.]
In Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875, 877 (1972), the Supreme Court held:
“There is no requirement that a party confirming a default must have the testimony reduced to writing or that a note be made of the evidence introduced, and when a judgment has been rendered and no note of evidence has been made, it is incumbent upon the party desiring to appeal to secure a narrative in accordance with Articles 2130 and 2131 of the Code of Civil Procedure.”
See, also, Bourgeois v. Daigle, 340 So.2d 1063 (La.App. 1st Cir. 1976); Marie v. Doucette, 328 So.2d 805 (La.App. 1st Cir. 1976); Hutcherson v. Welch, 316 So.2d 144 (La. App. 2d Cir. 1975); Miller v. Miller, 283 So.2d 277 (La.App. 3d Cir. 1973).
Although not officially of record in this matter, plaintiff attaches to his brief a deposition taken by defendant following the default judgment in which counsel for defendant stipulated Dr. Robert Franklin Ault, Robert F. Ault and Frank Ault are one and the same person. Of record is defendant’s motion for suspensive appeal and his appeal bond, the former taken in the name of “Frank F. Ault” and the latter furnished in the name of “Robert Franklin Ault.”
We conclude defendant’s argument relative to his identity is totally without merit, frivolously made, and entails a waste of judicial time.
Defendant secondly contends that the trial court erred in permitting evidence to be taken in support of a defective petition and in failing to dismiss the petition ex proprio motu for that defect. The defect of which defendant complains is plaintiff’s failure to attach a duly authenticated copy of the Florida judgment to his petition, in accordance with Louisiana Code of Civil Procedure Articles 1395 and 2541.
Louisiana Code of Civil Procedure Article 2541, dealing with the execution of foreign judgments, provides that a “duly authenticated copy of the judgment or decree must be annexed to the petition.” The copy of the judgment annexed to the petition herein was a true copy certified by the clerk of the Florida court which rendered it. We find it meets the requirements of authentication set forth in article 1395 of the Code of Civil Procedure. Article 1395 provides that an official record of any state other than Louisiana may be evidenced by a copy attested by the officer having legal custody of the record, or by his deputy, accompanied with a certificate that such officer has the custody. That was done in this instance. There is stamped upon the copy of the Florida decree a certificate of the Clerk of Court of the County of Hillsborough, State of Florida, signed by a deputy clerk of court, to the effect that “the foregoing is a true and correct copy of the document on file in my office.” This certification sufficiently complies with the provisions of article 1395. See, Baldwin v. Baldwin, 337 So.2d 245 (La.App. 3d Cir. 1976).
Article 1395 also provides for certification by persons other than the one having legal custody of the record, such as a judge or a public officer of the district or political subdivision in which the record is kept. Unlike certification by the one having legal custody of the record, this additional method of certification requires authentication by the seal of the court or the seal of the office of *1255 the official. Defendant’s reliance upon the language from Article 1395 dealing with this additional method of certification cannot be taken seriously. The article is clear and the case law interpreting it is annotated for immediate disclosure and reference.
In addition to the copy of the Florida judgment annexed to plaintiff’s petition (properly authenticated pursuant to La. Code of Civ.P. art. 1395), there was admitted into evidence a copy of the entire Florida proceedings, including the judgment, authenticated in accordance with 28 U.S.C.A. 1738. This authentication under Acts of Congress satisfied the requirements necessary to afford the judgment full faith and credit in Louisiana and further insured the validity of the copy annexed to the petition. We note the copy of the judgment annexed to the petition need not have been served upon the defendant. La.Code Civ.P. art. 1311. Under these circumstances, even assuming the copy annexed to the petition was not properly authenticated, the purpose of requiring the annexation, i. e., to insure the judgment’s validity, was fulfilled. In no way could the defendant have suffered any prejudice. The Florida judgment described in the petition and the copy annexed thereto did not differ from the judgment offered in evidence and upon which the trial court based its decision.[2]
A careful consideration of defendant’s posture relative to his complaint of a defective petition leads us again to the conclusion that judicial time has been wasted upon a frivolous argument. This argument, along with the one concerning identity of the defendant, was submitted in the brief filed by defendant’s counsel only two judicial days prior to the assigned hearing. This may have precluded plaintiff from moving for damages for frivolous appeal. Code of Civ.P. art 2164. In any event, that issue is not before the Court.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of appeal are assessed against defendant-appellant.
AFFIRMED.

. There is authority for the proposition that where the defendant, in an action on a foreign judgment rendered against a person of the same name, denies his identity with the defendant named in the transcript, the burden is upon him to disprove his identity, the naming of the defendant by the record being prima facie sufficient against him. Whiting v. Ivey, 3 La.Ann. 649 (1848).

. We find it unnecessary to address plaintiffs argument that to attack the authenticity of the annexed judgment, it was incumbent upon defendant to file the dilatory exception prior to answer or judgment by default. Code of Civ.P. arts. 926, 928. Obviously, the issue could have been presented in the trial court by filing the dilatory exception, raising the objection of nonconformity of the petition with the requirement of Article 2541.