No. 13,116

Orleans

WILSON v. LAGASSE

(January 13, 1930.   Opinion and Decree.)
(January 27, 1930.   Rehearing Refused.)

Cahn & Cahn, of New Orleans, attorneys for plaintiff, appellee.

Paul W. Maloney, of New Orleans, attorney for defendant, appellant.

JANVIER, J. Plaintiff obtained by default judgment for $300 on a draft which had been accepted by defendant. The draft was for more than $300, but, in order to give the First City court jurisdiction, plaintiff remitted so much of the claim as was in excess of the jurisdictional limit of that court.

Appellant suggests that the judge erred in rendering judgment for the following reasons:

(1) That, prior to the time it was rendered, there had been filed by his counsel a motion that plaintiff be required to furnish a bond for costs;

(2) That in the record there is no evidence sufficient to sustain the judgment.

In considering the first contention we find that, at the time the judgment was rendered, defendant had not obtained from the judge an order requiring plaintiff to furnish bond for costs. It is true that, on the day prior to that on which the judgment was rendered, there had been filed with the clerk of court a motion suggesting that such bond should be executed and filed, but this motion was never handed to the judge, nor was it signed by him.

Under Act 136 of 1880 an order of the judge is required fixing the amount of the bond. It was defendant's duty to see that such order was signed. His failure to obtain it deprives his motion of any effect.

With regard to the second contention, we find in the record a note of evidence which shows that:

"Counsel for plaintiff offers in evidence the petition, citation with the return thereon showing due service June 1st, 1929, in person and trade acceptance or draft drawn by petitioner on the defendant on February 14th, 1929, and the signature of the defendant thereon, dated February 14th, 1929, and the entire record, as well as the notation of the docket clerk showing. no answer filed."

We also find on the judgment itself the following notation: "Note in evidence."

We presume that the word "note" refers to the draft or trade acceptance, which forms the basis of this suit.

Counsel for defendant contends that we should not consider the note of evidence, because it was never filed. We cannot determine from the record whether the note of evidence was in fact filed, but inasmuch as the record, as it appears before us, was produced by appellant, and inasmuch as the note appears in that record, it seems to us that a rather strong presumption exists that it was actually filed. However, if it was not, the notation on the judgment to the effect that the note was filed in evidence appears to us to be sufficient to warrant the rendering of the judgment in the first instance (Kearney & Co. v. Robt. Fenner & Co., 14 Ann. 870) and justifies the affirmance of that judgment.

The judgment appealed from is therefore affirmed.