**BROWN v. BROWN.**

No. 17378.

Court of Appeal of Louisiana. Orleans.

June 13, 1940.

Milling, Godchaux, Saal & Milling, of New Orleans (Haywood H. Hillyer, Jr., of New Orleans, of counsel), for appellant.

F. Rivers Richardson, of New Orleans, for appellee.

McCALEB, Judge.

The plaintiff, Aaron L. Brown, filed this suit against the defendant, Charles J. Brown, alleging that he was the holder and owner of a certain promissory note in the sum of $150 executed by the defendant on May 9, 1931, payable to the order of Mrs. R. H. Hill and endorsed by her; that the note was secured by the pledge of a chattel mortgage note made by the defendant for the sum of $350; that the

obligation of the defendant was past due and unpaid and that the prescription of the note has been and is suspended by the pledge of the chattel mortgage note. He prayed for judgment against the defendant for the face amount of the promissory note with interest and attorney fees and for recognition of his pledge on the chattel mortgage note executed by the defendant.

The defendant was served personally with petition and citation and, upon his failure to answer within the time required by law, the plaintiff obtained a default judgment against him. This judgment, which bears the signature of the trial judge, reads as follows:

"Defendant failing to appear and answer, and the legal delay in which to answer having elapsed and plaintiff making due proof of claim herein, It is ordered, adjudged and decreed that Plaintiff have Judgment and recover of Defendant Charles J. Brown, the full sum of One Hundred Fifty and 00/100 ($150.00) Dollars, with eight per cent per annum interest thereon from May 9, 1931 until Paid, plus ten per cent additional on the whole as attorney's fees, with recognition of his pledge on the chattel mortgage, and for all costs."

"(Two notes and chattel mortgage in evidence)"

The defendant has appealed devolutively from the adverse judgment.

When the record was lodged in this court, the defendant secured a writ of certiorari commanding the clerk of the First City Court to complete the transcript by returning into this court any note of evidence which might have been taken in the case. The clerk made the following return to the writ: "No stenographic note of evidence was made in this case and no other note of evidence was made, except that contained in the judgment, to-wit: 'Two notes and chattel mortgage in evidence.'"

The principal contention of the defendant in this court is that, since plaintiff failed to cause a note of evidence to be taken at the trial, there is no showing that there was any evidence submitted to support the validity of the judgment.

Article 315 of the Code of Practice, which relates to default judgments, provides: "A judgment by default must express the ground on which it was rendered, but it is sufficient to state in the final judgment that the demand has proved."

■ It is the well-settled jurisprudence of this State that, where it is expressed in the default judgment that it was confirmed and made final on due proof of the plaintiff's demand, it will be presumed that legal and sufficient evidence was produced before the judge in spite of the fact that the record does not contain a note of evidence. See Fowler v. Smith, 1 Rob. 448; Hubbell v. Clannon, 13 La. 494; Goldman v. Thomson, 3 La.App. 469; Donaldson v. Sheridan, 11 La.App. 498, 124 So. 193; Martin v. District Grand Lodge No. 21, La.App., 146 So. 793; and Wilson v. Lagasse, La.App., 179 So. 472.

Counsel for the defendant readily concede the force of the foregoing pronouncements but they nevertheless contend that there is a distinction to be drawn between the situation appearing in those matters and the one presented here. They assert that the holdings in the cited cases were based upon the theory that the mere absence of a note of evidence from the transcript was insufficient to overcome the presumption that sufficient evidence was actually presented to the judge forasmuch as the judge had stated that the plaintiff had made due proof of his claim. It is said that there is no logical reason to apply the rule announced in those matters to the situation obtaining here because, in the instant matter, it appears from the return on the writ of certiorari issued to the clerk of the City Court that there was no evidence submitted by the plaintiff at the trial.

■ The point is not well taken. In the first place, counsel are in error when they say that there is not a note of evidence contained in the record. On the contrary, the judgment itself bears the notation "(Two notes and chattel mortgage in evidence)". This notation, in our opinion, is evidence of the fact that the promissory note sued upon, the pledged chattel mortgage note and the chattel mortgage itself were offered at the trial. The submission by the plaintiff of this proof is wholly sufficient to maintain the validity of the judgment. See Strange v. Albrecht, 190 La. 897, 183 So. 209.

But counsel nevertheless persist that a note of evidence which is made by the judge himself is not adequate and it is asserted that the note of evidence must be made by the court stenographer. This proposition is based upon the premise that Act No. 104 of 1916 makes it mandatory for the stenographers of the First City

Court to make notes of evidence in all cases submitted to the court.

The statute relied upon by the defendant is an act providing for the appointment, duties and compensation of deputy clerks and stenographers in the Civil District Court for the Parish of Orleans. In Section 2 thereof, it is declared: "That it shall be the duty of each of said stenographers to attend the sessions of the court to which he shall be assigned, and, *subject to the orders of the court, to take down stenographically the testimony offered therein, and such other matter as may be directed by the court, * * *.*" (Italics ours.)

This act is said to apply to the First City Court of New Orleans by virtue of paragraph 3 of Section 91 of Article 7 of the Constitution of 1921 providing that the First City Court shall have concurrent jurisdiction with the Civil District Court of all moneyed demands above $100 and not exceeding $300, and further providing that such cases shall be tried and the testimony and evidence therein shall be taken in the same manner as cases tried in the Civil District Court.

■ Conceding, as contended for by defendant, that Act No. 104 of 1916 applies to trials in the First City Court, we are unable to coincide with counsel's argument that the statute relied upon requires that there must be a stenographic note of evidence made in each and every case submitted to the court. The above-quoted language of Section 2 of the statute, which prescribes the duties of court stenographers, clearly reveals that the stenographers are subject at all times to the orders of the court and that they are only required to take down such testimony as the court directs. Thus, in the case at bar, the trial judge, having noted that the promissory notes and chattel mortgage were received and accepted in evidence, it would have been obviously absurd for him to require his court stenographer' to make a separate notation of this fact.

In Wilson v. Lagasse, supra, we were confronted with a situation somewhat similar to that appearing in the instant case. There, the judge, in confirming the default, made a notation on his judgment "note in evidence". In maintaining the validity of the judgment, we said that we would presume that the note referred to by the judge was the draft or trade acceptance which formed the basis of the suit.

■ The defendant further maintains that the judgment should be set aside because the note sued upon is prescribed on its face. However, counsel concede that, if the chattel mortgage note was offered in evidence to show that it was pledged to secure the payment of the principal debt, prescription would be suspended during the existence of the pledge. Since we find that the notation made by the judge that the chattel mortgage note and the chattel mortgage were tendered in evidence, it will therefore be regarded as sufficient proof of the fact that prescription on the debt had not yet accrued.

For the reasons assigned, the judgment appealed from is affirmed.

. Affirmed.