HARDY, Judge.
Plaintiff, alleging he was a share cropper on a farm belonging to defendant during the farming year of 1954 and that defendant was indebted to him in an undetermined amount, prayed for judgment in his favor and against defendant in such amount as the court might determine to be justly due. Defendant failed to make any answer to plaintiff’s suit whereupon a preliminary default, having been regularly entered, was confirmed and judgment rendered in favor of plaintiff and against defendant in the principal sum of $277.23. Following rendition and signing of judgment defendant filed a motion for rehearing or new trial, which was overruled, whereupon he procured and perfected this appeal.
Before this court defendant strenuously complains, first, that plaintiff’s petition did not justify the rendition of judgment for a specific sum of money, and, second, that the judgment is invalid because it was not proved by “any competent evidence whatever.”
Appellant’s first contention is predicated upon the proposition that plaintiff’s petition itself admitted ignorance1 of the specific amount allegedly due him. by defendant, and, as a consequence, the action was one to compel an accounting. - Reference to plaintiff’s petition bears out the fact that he did not claim a specific amount to be due and owing, and his reason for his ignorance of the exact amount is set forth in his allegation that the records of all credits and debits were kept by the defendant. It is also true that plaintiff alleged his right to a full and complete accounting. The exact allegations of the petition with reference to these points are as follows:
“ *' * * that defendant, Ray Womack, is indebted unto your petitioner, the amount of which is unknown to petitioner; that defendant kept all records of cotton sales, prices and other charges and credits.”
* * * ‡ ‡ ‡
“Petitioner now shows that he desires and is entitled to an accounting of the 1954 crop, with a full and complete • disclosure of all debits and credits thereon.”.
The above quoted allegations, taken by themselves, would appear' to completely confirm thé validity of appellant’s major contention that plaintiff, having sued for an accounting, was not entitled to judgment for a specific sum and that such a judgment was invalid because it was not responsive to the relief sought..
However, we think the specified allegations of the petition should properly be construed in the light of other allegations, in which the plaintiff asserted that he planted 25 acres to cotton and harvested therefrom 20 bales; that he planted 5 acres to corn which produced a good crop, harvested by the defendant. These allegations clearly indicate that plaintiff made a full and complete disclosure, to the extent of his knowledge and ability, of the farm crop, which he had planted and cultivated as a share cropper for defendant. While it is true that plaintiff alleged his right to an accounting, it does not follow that such accounting was the chief purpose of the suit. The prayer of plaintiff’s petition did not ask for relief in the nature of an accounting by defendant but it did ask for judgment against the defendant, Ray Womack, “in and for such amount as the court shall determine to be fully due and owing to petitioner.”
We concede the merit of appellant’s contention, supported by the authority of Vegas v. Cheramie, La.App., 80 So.2d 880, that, on confirmation of a default, á plaintiff is bound by the allegations of his petition.
We further concede the general rule that upon confirmation of default the pleadings may not be enlarged by the proof.
However neither of the above defects are established in the instant case and the authorities cited by learned counsel for defendant-appellant involve facts which are quite at variance with those which are here under consideration. In the instant case *543 plaintiff, having alleged an indebtedness on the part of defendant and having set forth the basis for such indebtedness, prayed for relief in the form of a judgment for an amount to be determined. The accounting to which plaintiff asserted he was entitled was a matter entirely within the control of defendant. .Parenthetically, it may be observed that this record does not include any denial by defendant of-an indebtedness to plaintiff, nor does he even claim error as to the amount of the judgment, but he advances, purely and simply, a highly technical objection as to the form and nature of plaintiff’s action and the variance of the judgment therefrom.
Appellant’s complaint that-the judgment was “not proved by any competent evidence whatever” is without merit. This exact point was ably disposed in the case of Brown v. Brown, La.App., 196 So. 661, 662, in the opinion of Mr. Justice McCaleb, who was the organ of the Orleans Court of Appeal, in the following words:
“It is the well-settled jurisprudence of this State that, where it is expressed in the default judgment that it was confirmed and made final on-due:proof of the plaintiff’s demand, it will be presumed that legal and’sufficient evidence was produced before the judge in spite of the fact that the record does not contain a note of evidence. See Fowler v. Smith, 1 Rob. 448; Hubbell v. Clannon, 13 La. 494; Goldman v. Thomson, 3 La.App. 469; Donaldson v. Sheridan, 11 La.App. 498, 124 So. 193; Martin v. District Grand Lodge No. 21, La.App., 146 So. 793; and Wilson v. Lagasse, [14 La.App. 463] 179 So. 472.”
In the instant case the judgment specifically recites the fact that due proof in support of plaintiff’s demand was produced. An appellate tribunal has no authority, in the absence of a note of evidence, to inquire beyond such a plain recital.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.