GLADNEY, Judge.
The defendant has appealed from a default judgment. The sole contention of appellant, as we understand counsel’s brief, is directed at the sufficiency of the evidence adduced in proof of plaintiff’s demand.
The petition alleges merchandise valued at $365.55, as shown by an attached itemized account, was delivered to parties authorized by the defendant to receive it. The *536 itemized account attached to the petition is accompanied by delivery or sales slips for each separately delivered item. Verification of the account was made by G. E. King by affidavit endorsed on the petition.
When a case is mature for a confirmation of the default, the Code of Practice, Art. 312, provides a definitive judgment will be given the plaintiff, provided he prove his demand. This proof is required in all cases, and where the demand is for a sum due on an open account, an affidavit of correctness thereof before a competent officer shall be prima facie proof. Further, it is provided in Code of Practice, Art. 315 a judgment by default must express the ground on which it was rendered, but it is sufficient to state in the final judgment that the demand was proved. Our jurisprudence holds that where, as in the instant case judgment recites “on producing due proof in support of the plaintiff’s demands * * * and the law and evidence being in favor of plaintiff” such a statement is equivalent to saying that proof of the correctness of plaintiff’s demand had been adduced and this is all that is required to confirm a default. The trial judge when he has acted in this manner is presumed to have acted on competent and sufficient evidence introduced before him. F. Strauss & Sons, Inc. v. Economy Cash Grocery, 1931, 18 La.App. 454, 138 So. 191; Martin v. District Grand Lodge No. 21, of Grand United Order of Odd Fellows, Inc., of Louisiana, La.App. 1933, 146 So. 793; Brown v. Brown, La. App.1940, 196 So. 661; Harris v. Womack, La.App.1955, 83 So.2d 541; Merchants Adjustment Bureau, Inc., v. Malta, La.App. 1958, 102 So.2d 781; Arts. 312 and 360 of Code of Practice.
Counsel for appellant argues there is no affidavit of correctness as will constitute prima facie proof, of plaintiff's demand. We do not agree. The affidavit of King, it is true, is not inscribed upon the statement of account or annexed separately thereto, but it is a part of plaintiff’s petition to which the itemized statement was annexed and identified therewith. The affidavit of King declares all the allegations of fact contained in the petition “are true and correct and that the sum of Three Hundred Sixty-Five and B5Aoa ($365.55) Dollars, being the amount of the claim set forth in said petition is presently due and owing”, embraces the account attached to the petition.
We are of the opinion no just reason is presented for disturbing the judgment from which the appellant has appealed, and it is affirmed at his costs.