PICKETT, Judge.
This is an appeal hy Wiley McMinn from a judgment rendered against him on confirmation of default. The plaintiff instituted this suit to recover the sum of $3,313.18, alleged to be the balance due plaintiff for cash advances made to appellant as a commission salesman to vend the plaintiff’s merchandise. The defendant was served through domiciliary service July 5, 1967. The defendant filed no answer or other pleadings and a preliminary default was entered on behalf of plaintiff March IS, 1968. The judgment which is the subject of this appeal was confirmed August 22, 1969, and the defendant-appellant was duly notified of the rendition of said judgment by the service of a certified copy thereof on him August 25, 1969.
The record does not contain a transcript of testimony, a statement of facts prepared by the parties as required by Louisiana Code of Civil Procedure, Article 2131, nor does it contain a finding of fact by the court, as provided by said Article 2131. There is an affidavit attached to plaintiff’s petition, sworn to by the petitioner, which shows that defendant is indebted to him in the amount for which judgment was rendered.
The defendant admits in his brief that there is no issue of bad faith, or ill practice involved herein. In his brief, counsel for defendant makes the following statement:
“As an initial proposition, this matter involves no had faith, ill practices nor allegations thereof on the part of counsel for plaintiff-appellee, and counsel for defendant-appellant was not retained un *773 til after entry of judgment. Defendant simply did not believe it could happen to him and apparently followed the well known procedure of closing his eyes and hoping the horrible thing would go away. It didn’t and now must be judicially diapered and put to rest.”
His complaint is that because the record fails to disclose the taking of any testimony on behalf of the plaintiff in support of his claim other than an affidavit of plaintiff attached to and made a part of his petition, the evidence is insufficient to justify a judgment. Defendant contends that the plaintiff’s claim is not on an open account, but is based on a contract, controlled by the provisions of LSA-C.C. 2277, which is as follows:
“All agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements, above five hundred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances.”
If the action is on an open account, as contended by plaintiff, the proof is obviously sufficient under the provisions of LSA-C.C.P. Article 1702, which provides:
“A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
When the demand is for a sum due on an open account, an affidavit of the correctness thereof shall be prima facie proof. When the demand is based upon a negotiable instrument, no proof of any signature thereon shall be required.”
An affidavit showing the correctness of the account sued upon is attached to the plaintiff’s petition. But we find it unnecessary to determine whether plaintiff’s action is based on an open account or a contract. The judgment complained of is as follows:
“JUDGMENT:
“Defendant failing to appear and answer, and the legal delay in which to answer having elapsed and plaintiff making due proof of claim herein,
“IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of petitioner, E. T. HARVEY, JR., d/b/a AUTOMOTIVE HARDWARE COMPANY, and against defendant, WILEY McMINN, in the full sum of THREE THOUSAND THREE HUNDRED THIRTEEN and 18/100 ($3,313.18) DOLLARS with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings.
“JUDGMENT READ, RENDERED AND SIGNED in Open Court this 22 day of August, 1969.”
It is the settled jurisprudence of this State that where a record contains no transcript of evidence, or statement of facts agreed to by the parties or made by the Court, recitals in a judgment are presumed to be correct, and such judgment is assumed to have been rendered upon sufficient evidence. In this case, the trial court having stated, “plaintiff making due proof of claim herein,” it must be presumed that the Court had sufficient evidence to justify the judgment appealed from herein. In King v. Calhoun, La.App., 107 So.2d 535, the Court said:
“Our jurisprudence holds that where, as in the instant case judgment recites ‘on producing due proof in support of the plaintiff’s demands * * * and the law and evidence being in favor of plaintiff’ such a statement is equivalent to saying that proof of the correctness of plaintiff’s demand had been adduced and this is all that is required to confirm *774 a default. The trial judge when he has acted in this manner is presumed to have acted on competent and sufficient evidence introduced before him.”
The plaintiff has cited the case of Gilman v. Babin, La.App., 195 So.2d 737 in which this Court said:
“Where a record on appeal from a default judgment does not contain the transcript of testimony of any witnesses at the hearing on confirmation of default and the record does not contain statement of facts by the Trial Court, the default judgment is presumed to have been based upon sufficient evidence and to be correct and an appellate tribunal has no authority to inquire beyond the Trial Court’s recital that due proof was made. Vehrs v. Jefferson Insurance Company [La.App., 168 So.2d 873], supra; Clark v. Richardson, La.App., 157 So.2d 325; Miller v. Rollins, La.App., 111 So.2d 146; Lindsley-Feiber Motor Company v. Brumfield [La.App., 111 So.2d 555], supra; Harris v. Womack [La.App., 83 So.2d 541], supra; Frederick v. Popich Marine Construction, Inc., La.App., 136 So.2d 423; Bush v. Bush, La.App., 163 So.2d 858. In the judgment which is now on appeal is recited the fact that petitioner has produced due proof on his claim and that the Court is of the opinion that the law and evidence are in favor thereof. There is nothing in the record to disclose that the Lower Court erred in granting a judgment in favor of petitioner. According to law and the jurisprudence we must assume that the judgment of the Lower Court was founded upon sufficient proof.”
Likewise, in the case of Motion Picture Advertising Corporation v. Smith, La.App., 207 So.2d 847, this Court said:
“The judgment of the City Court in part provides that ‘the plaintiff having made due proof of its claim according to law, and the law and the evidence being in favor hereof, * * In light of this language in the judgment, and of the settled jurisprudence of this state that where the appeal record does not contain the testimony of the witnesses, nor a narrative of the facts, the presumption is that the Trial Court judgment is correct, we can see no need in discussing the contention by the defendant-appellant that the same procedure as used in a District Court should be used in the City Court where the amount in dispute is more than $100.00.”
We are of the opinion that no just reason is presented for disturbing the judgment from which the appellant has appealed, and it is affirmed at his cost.
Affirmed.