428 So.2d 984 (1983)
P.B.C. SYSTEMS, INC.
v.
L.A.D. CONSTRUCTION CO., INC., et al.
No. 82 CA 0479.
Court of Appeal of Louisiana, First Circuit.
February 22, 1983.
*985 C. Alan Lasseigne, Houma, for plaintiff and appellee.
James O.M. Womack, New Orleans, for defendant and appellant.
Before LOTTINGER, COLE and CARTER, JJ.
LOTTINGER, Judge.
This appeal arises from the confirmation of a default judgment. Plaintiff, P.B.C. Systems, Inc. sued L.A.D. Construction Company, Inc. (L.A.D.) and The Western Company of North America (Western) for $54,857.90 allegedly due and owing as a result of plaintiff's having furnished materials to L.A.D. for use in the construction of a barge owned by Western. The petition alleges that these materials were not paid for timely, and further states that an affidavit was filed on January 29, 1982 in the mortgage records of Terrebonne Parish, preserving plaintiff's lien and privilege against the barge under La.Civ.Code art. 3237. The suit prays for a money judgment against both defendants, jointly and in solido, in the full amount owed, and prays further that the plaintiff's lien and privilege against the barge be recognized. From a default judgment confirmed against defendant Western in the amount of the demand and recognizing the lien, Western has filed a suspensive appeal.

TRIAL COURT
The suit was filed on February 24, 1982. Appellant's brief states that a stay order was entered with respect to defendant L.A.D., since this defendant had previously filed a bankruptcy petition in the United States District Court for the Eastern District of Louisiana; however, the record does not reflect such a stay order. On March 18, 1982, a preliminary default was entered against defendant Western.
The preliminary default was confirmed on March 23, 1982. The trial court's minutes state that the court heard the oral testimony of Tim Bourgeois, president of P.B.C. Systems, Inc. and orally assigned reasons for judgment. No transcript was made either of the testimony of Mr. Bourgeois or of the trial court's oral reasons for judgment.
On April 16, 1982, the trial court heard and denied Western's motion for a new trial. This suspensive appeal followed.

*986 SPECIFICATIONS OF ERROR
Defendant-appellant Western does not assign precise specifications of error, but argues generally that the default judgment of the trial court must be reversed because the plaintiff's petition does not state a cause of action, in that no privity of contract between plaintiff and Western is alleged and that a money judgment against it is therefore improper.

LA.CIV.CODE ART. 3237 ET SEQ.
Western contends that it cannot be cast for a money judgment because there was no privity of contract between it and plaintiff, and La.Civ.Code art. 3237 et seq. does not provide for personal liability of a vessel owner. Thus, Western argues, plaintiff's petition does not state a cause of action against the Western Company.
La.Civ.Code art. 3237[1] establishes a privilege against the price of ships and other vessels for charges incurred in connection with the construction, fabrication, furnishing, equipping, operation, maintenance and repair of the vessel. La.Civ.Code art. 3239[2] provides that creditors who have a privilege on a vessel may pursue the vessel in the possession of any person who has obtained it by sale; thus, a lien against the vessel is implied. The Federal Maritime Lien Act of 1910 and the Ship Mortgage Act of 1920 have effectively secured similar ends in the United States, and to a large extent have superceded many of the privileges listed in La.Civ.Code art. 3237. However, a contract for construction of a ship or vessel is nonmaritime, and liens and privileges granted by state law for works, materials, and other items consumed in connection therewith are enforceable. See In Re Safticraft Corporation, 255 F.Supp. 797 (W.D.La.1966).
Nonetheless, the existence of a lien or privilege against the barge in question does not of itself create personal liability on the part of Western. Neither La.Civ.Code art. 3237 nor La.Civ.Code art. 3239 provides for personal liability against a vessel owner in favor of a materialman who pursues his privilege. A contrary situation exists in the case of immovables under La.R.S. 9:4802. Personal liability against the owner of an *987 immovable is founded upon the text of the statute and not upon the existence of a privilege against the owner's property. There is no mention of personal liability being incurred by a vessel owner in the texts of La.Civ.Code arts. 3237 and 3239.
Liens and privileges are stricti juris, and cannot be extended by implication or analogy, La.Civ.Code art. 3185. The fact that the Private Works Act provides for personal liability against the owner of an immovable does not avail materialmen who furnish labor or materials for vessels or other movables. Graeme Spring and Brake Service v. DeFelice, 98 So.2d 314 (La.App. Orl.Cir.1957). Thus, without privity of contract or some other grounds for incurring personal liability, Western cannot be cast with a money judgment in the instant case.
The record in this case, such as it is, leaves no doubt that there was no privity of contract between Western and plaintiff. The unpaid invoices which form the basis of the suit indicate that the materials supplied by plaintiff were charged to the account of defendant L.A.D., not that of Western. Only one of the invoices even makes mention of the fact that the materials were destined for use on the Western barge.
More importantly, the plaintiff's petition states merely that on information and belief, the materials were ordered by L.A.D. in accordance with L.A.D.'s purchase order from Western. Such allegation cannot be construed to allege any promise to pay, either express or implied, by Western. Evidence received in confirming a default cannot enlarge the pleadings, Craver v. Gillespie, 148 La. 182, 86 So. 730 (1920); Harris v. Womack, 83 So.2d 541 (La.App. 2nd Cir. 1955), writ den. December 12, 1955; W.T. Rawleigh Co. v. Copeland, 169 So. 251 (La. App. 2nd Cir.1936). No amount of proof offered in confirmation could establish a contractual relationship between plaintiff and Western, since we find same was not sufficiently alleged. We therefore find that no basis exists for holding Western personally liable for the amounts owed plaintiff, and that part of the trial court's judgment casting Western for a money judgment must be reversed.

RECOGNITION OF LIEN
Despite the above, Western's contention that plaintiff failed to state a cause of action against it is not tenable. La.Civ. Code art. 3239 (see footnote 2, supra) allows one holding a privilege under La.Civ.Code art. 3237 to pursue the vessel even after it has been sold, under certain circumstances. Inasmuch as Western purchased the barge from L.A.D. (or had L.A.D. build the barge at its request), plaintiff may sue Western as the vessel's owner for recognition of its lien, even though the barge itself has not been sequestered.[3]
Under La.Civ.Code arts. 3240-3244,[4] a privilege may be asserted against a voluntary *988 purchaser whose vessel is in port only prior to the time the vessel makes a voyage. However, the record does not reveal whether the barge had made a voyage prior to the assertion of a privilege and lien by plaintiff, or even whether the barge had been completed and delivered to Western. Thus, whether plaintiff can assert its lien and privilege against the barge is not apparent from the record.
However, no transcript of the parol evidence adduced upon confirmation was made, nor have the parties or the trial judge submitted to this court a written narrative of facts. La.Code Civ.P. art. 2131. Under these circumstances, there exists a prima facie presumption that the default judgment of the trial court recognizing plaintiff's lien and privilege against the barge was founded on sufficient evidence. Baker Finance Co. v. Hines, 255 La. 971, 233 So.2d 902 (1970); First Nat. Bank of Arcadia v. Sam M. Richardson & Co., 163 La. 15, 111 So. 475 (1927). In the absence of any controverting evidence indicating that plaintiff's lien and privilege has been lost, we find that plaintiff is entitled to judgment against Western, recognizing plaintiff's lien and privilege on the barge owned by Western.

DECREE
Therefore, for the above and foregoing reasons, it is hereby ORDERED, ADJUDGED, and DECREED:
1) That the judgment of the trial court in favor of the plaintiff, P.B.C. Systems, Inc., and against the defendant, The Western Company of North America, in the full and complete sum of FIFTY-FOUR THOUSAND EIGHT HUNDRED FIFTY-SEVEN AND 90/100 DOLLARS ($54,857.90), together with legal interest thereon from the date of judicial demand until paid be and the same is hereby reversed;
2) That the judgment of the trial court recognizing the privilege and lien of the plaintiff, P.B.C. Systems, Inc., recorded on the 29th day of January, 1982 in the mortgage records of the Parish of Terrebonne, State of Louisiana, under Entry No. 672529, on the following described property to wit:
Barge # 1 of the Western Company of North America being constructed, fabricated and equipped under Purchase Order No. M-35847 and/or M-35838,
is hereby affirmed;
3) That judgment of the trial court assessing all costs in the trial court to defendant, The Western Company of North America, be and the same is hereby affirmed; and
4) That all costs of this appeal are to be divided equally between defendant-appellant and plaintiff-appellee.
AFFIRMED IN PART, REVERSED IN PART.
NOTES
[1] La.Civ.Code art. 3237 reads:

"The following debts are privileged on the price of ships and other vessels, in the order in which they are placed:
1. Legal and other charges incurred to obtain the sale of a ship or other vessel, and the distribution of the price.
2. Debts for pilotage, towage, wharfage and anchorage.
3. The expenses of keeping the vessel from the time of her entrance into port until sale, including the wages of persons employed to watch her.
4. The rent of stores, in which the rigging and apparel are deposited.
5. The maintenance of the ship and her tackle and apparatus, since her return into port from her last voyage.
6. The wages of the captain and crew employed on the last voyage.
7. Sums lent to the captain for the necessities of the ship during the last voyage, and reimbursement of the price of merchandise sold by him for the same purpose.
8. Sums due to sellers, to those who have furnished materials and to workmen employed in the construction, if the vessel has never made a voyage; and those due to creditors for supplies, labor, repairing, victuals, armament and equipment, previous to the departure of the ship, if she has already made a voyage.
9. Money lent on bottomry for refitting, victualing, arming and equipping the vessel before her departure.
10. The premiums due for insurance made on the vessel, tackle and apparel, and on the armament and equipment of the ship.
11. The amount of damage due to freighters for the failure in delivering goods which they have shipped, or for the reimbursement of damage sustained by the goods through the fault of the captain or crew.
12. Where any loss or damage has been caused to the person or property of any individual by any carelessness, neglect or want of skill in the direction or management of any steamboat, barge, flatboat, water craft or raft, the party injured shall have a privilege to rank after the privileges above specified.
The term of prescription of privileges against ships, steamboats and other vessels shall be six months." (emphasis ours)
[2] La.Civ.Code art. 3239 reads:

"Creditors having privileges on ships or other vessels, may pursue the vessel in the possession of any person who has obtained it by virtue of a sale; in this case, however, a distinction must be made between a forced and voluntary sale."
[3] We note that under these circumstances, a judgment in recognition of the lien amounts to no more than an action in rem.
[4] La.Civ.Code arts. 3240-3244 read:

art. 3240:
"When the sale was a forced one, the right of the purchaser to the property becomes irrevocable; he owes only the price of adjudication, and over it the creditors exercise their privilege, in the order above prescribed."
art. 3241:
"When the sale is voluntary on the part of the owner, a distinction is to be made, whether the vessel was in port or on a voyage."
art. 3242:
"When a sale has been made, the vessel being in port, the creditors of the vendor, who enjoy the privilege for some cause anterior to the act of sale, may demand payment and enforce their rights over the ship, until a voyage has been made in the name and at the risk of the purchaser, without any claim interposed by them."
art. 3243:
"But when the ship has made a voyage in the name and at the risk of the purchaser, without any claim on the part of the privileged creditors of the vendor, these privileges are lost and extinct against the ship, if she was in port at the time of sale."
art. 3244:
"On the other hand, if the ship was on a voyage at the time of sale, the privilege of the creditor against the purchaser shall only become extinct after the ship shall have returned to the port of departure, and the creditors of the vendor shall have allowed her to depart on another voyage for the account and risk of the purchaser, and shall have made no claim."