United States Court of Appeals,

Fifth Circuit.

No. 91–5068.

AMOCO PRODUCTION COMPANY, Plaintiff–Appellee,

v.

HORWELL ENERGY, INC., et al., Defendants,

Gardes Directional Drilling, Defendant–Appellant.

Aug. 21, 1992.

Appeal from the United States District Court for the Western District of Louisiana.

Before VAN GRAAFEILAND[*]*, KING and EMILIO M. GARZA, Circuit Judges.

PER CIAM:

This case requires us to determine whether, under Louisiana law, a drilling contractor who drills to earn an interest in the well has a privilege on the lease and well. Because we conclude that no amount is due within the meaning of the statute, we hold that the Appellant has no valid privilege and therefore affirm the judgment of the district court.

I.

The facts are largely undisputed. Amoco Production Company owned a mineral lease in Caddo Parish, Louisiana. It contracted with Horwell Energy, Inc., to operate the lease and drill a test well. Horwell was to receive an eighty percent interest in the well if Horwell satisfactorily performed the contract with Amoco. Amoco reserved the right to terminate the contract, however, if Horwell breached the agreement.

Horwell contracted with Gardes Directional Drilling to provide directional drilling services. Gardes provided these services, valued at $246,375, plus a cash payment of $140,000, and in return Grades was to receive "an interest equivalent to .3888266 in all rights, interests and obligations in and

[*]Senior Circuit Judge of the Second Circuit, sitting by designation.

to the initial test well." Gardes was fully aware of the Amoco–Horwell agreement, which was attached to and incorporated by reference in the Horwell–Gardes agreement. Gardes therefore knew that its rights were conditional because they were fully dependent on the continued efficacy of Horwell's agreement with Amoco and Horwell's satisfactory performance of its obligations under that agreement.

Horwell breached its agreement with Amoco, and Amoco exercised its right to terminate the contract. Thus, Horwell did not earn its eighty percent interest in the well and could not convey the promised interest to Gardes. Gardes, which had performed its contract with Horwell, filed evidence of a privilege on the Amoco property. A magistrate judge recommended that the privilege be declared invalid. The district court agreed and granted Amoco's motion for summary judgment. Gardes appeals.

## II.

Summary judgment is appropriate if the record discloses "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In reviewing the summary judgment, we apply the same standard of review as did the district court. *Waltman v. International Paper Co.,* 875 F.2d 468, 474 (5th Cir.1989); *Moore v. Mississippi Valley State Univ.,* 871 F.2d 545, 548 (5th Cir.1989). The pleadings, depositions, admissions, and answers to interrogatories, together with affidavits, must demonstrate that no genuine issue of material fact remains. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To that end we must "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.,* 784 F.2d 577, 578 (5th Cir.1986). If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 475 L.Ed.2d 538 (1986); *see Boeing Co. v. Shipman,* 411 F.2d 365, 374–75 (5th Cir.1969) (en banc).

III.

Gardes invokes section 4861 of the Civil Code ancillaries as grounds for its privilege, which is often referred to as a lien. The relevant part of the statute reads as follows:

> Any person who performs any labor or service in drilling or in connection with the drilling of any well or wells in search of oil, gas or water, or who performs any labor or service in the operation or in connection with the operation of any oil, gas or water well or wells, or performs any labor or service in the construction, operation, or repair or in connection with the construction, operation, or repair or in connection with the construction, operation, or repair of any flow lines or gathering lines, regardless of their length, which are attached to or connected with the oil, gas or water well or wells, and any pipeline owned by the producer, operator or contract operator of the well, has a *privilege* on all oil or gas produced from the well or wells, and the proceeds thereof inuring to the working interest therein, and on the oil, gas or water well or wells and on the lease whereon the same are located, and on all drilling rigs, standard rigs, machinery, pipelines, flow lines, gathering lines and other related equipment, including, but not limited to, monitoring, measuring, metering and control equipment, appurtenances, appliances, equipment, buildings, tanks, and other structures thereto attached or located on the lease, and rights-of-way in the case of a gathering line, flow line, or other producer, operator or contract operator-owned pipeline *for the amount due* for labor or service, and principal and interest, and for the cost of preparing and recording the privilege, as well as ten percent attorney's fees in the event it becomes necessary to employ an attorney to enforce collection.

La.Rev.Stat.Ann. § 9:4861(A) (West 1991) (emphasis added). Gardes argues that the privilege provided by this statute secures the "amount due" under its agreement with Horwell. We disagree. "[A]n interest equivalent to .3888266 in all rights, interests and obligations in and to the initial test well" does not fall within the meaning of the word "amount." Gardes, therefore, can have no privilege under section 4861.

The Appellant's efforts to construe the statute to encompass its claim do not persuade us. Privileges, which often derogate the rights of innocent parties, are construed strictly. When in doubt, we decline to find a privilege. *E.g., Boone v. Brown,* 201 La. 917, 10 So.2d 701, 702 (1942), *P.B.C. Sys. v. L.A.D. Constr. Co.,* 428 So.2d 984, 987 (La.Ct.App. 1983); *see also* La.Civ.Code Ann. art. 3185 (West 1952) (privileges must be "expressly granted" by statute). The Appellant's references to suretyship and conventional mortgage, both of which may secure "any lawful obligation,"[1] are

---

[1]La.Civ.Code Ann. arts. 3036, 3293 (West. Supp. 1992).

similarly unavailing.  Conventional security rights, such as suretyship and conventional mortgage, arise by agreement between the parties.  *See* La.Civ.Code Ann. arts. 3035, 3284 (West Supp. 1992). Gardes could have bargained for Amoco to be the surety for the Horwell–Gardes obligation, but no such bargain exists in this case.  Privileges, on the other hand, arise when a statute expressly confers them because of "the nature of a debt."  *Id.* art. 3186 (West 1952).  Because we have concluded that section 4861 does not confer a privilege for an obligation of this nature, Gardes has no valid privilege.

IV.

For the foregoing reasons, the judgment of the district court is AFFIRMED.