619 So.2d 832 (1993)
Dale A. ROLLETTE, D.C.
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
No. 92 CA 1022.
Court of Appeal of Louisiana, First Circuit.
May 28, 1993.
*833 Craig Robichaux, Covington, for plaintiff-appellant.
Adrianne L. Baumgartner, Covington, for defendant-appellee.
Before WATKINS, CRAIN and GONZALES, JJ.
WATKINS, Judge.
The sole issue in this appeal is whether an amendment to LSA-R.S. 9:4753, creating a health care provider privilege for chiropractic services, applies to such services provided prior to the effective date of the amendment to the statute.
Plaintiff, Dale A. Rollette, brought this suit against State Farm Mutual Insurance Company (State Farm) seeking recovery of $3,500.00 in medical expenses incurred by Mally Robertson in connection with an automobile accident on July 2, 1988, involving an insured of State Farm. Plaintiff alleges that he is entitled to the health care provider privilege under LSA-R.S. 9:4751 for the chiropractic services rendered to Ms. Robertson *834 in connection with the injury. State Farm filed a motion for summary judgment contending that plaintiff was not entitled to the health care provider privilege because the amendment to LSA-R.S. 9:4751 creating a privilege for the services provided by Mr. Rollette was not in effect when the expenses were incurred. The trial court granted State Farm's motion for summary judgment and dismissed plaintiff's suit. This appeal followed.
The privilege which the plaintiff seeks to avail himself of is set forth in LSA-R.S. 9:4751 et seq. as amended by Acts 1990, No. 792, §§ 1, 2, 3, 4, 5. The pertinent provisions are as follows:
LSA-R.S. 9:4751 provides in pertinent part:
(2) `Health care provider' means a person, partnership, corporation, facility, or institution licensed by this state to provide health care or professional services as a physician, dentist, chiropractor, podiatrist, optometrist, physical therapist, or psychologist.[1]
LSA-R.S. 9:4752 provides:
A health care provider, hospital, or ambulance service that furnishes services or supplies to any injured person shall have a privilege for the reasonable charges or fees of such health care provider, hospital, or ambulance service on the net amount payable to the injured person, his heirs, or legal representatives, out of the total amount of any recovery or sum had, collected or to be collected, whether by judgment or by settlement or compromise, from another person on account of such injuries, and on the net amount payable by any insurance company under any contract providing for indemnity or compensation to the injured person. The privilege of an attorney shall have precedence over the privilege created under this Section.
LSA-R.S. 9:4753 provides:
The privilege created herein shall become effective if, prior to the payment of insurance proceeds, or to the payment of any judgment, settlement, or compromise on account of injuries, a written notice containing the name and address of the injured person, the date the injury was incurred, the name and location of the interested health care provider ... and the name of the person alleged to be liable to the injured person on the account of the injuries received, is mailed by the interested health care provider,... certified mail, return receipt requested, to the injured person, to his attorney, to the person alleged to be liable to the injured person on account of the injuries sustained, to any insurance carrier which has insured such person against liability, and to any insurance company obligated by contract to pay indemnity or compensation to the injured person. This privilege shall be effective against all persons given notice according to the provisions hereof, and shall not be defeated nor rendered ineffective as against any person that has been given such notice, because of failure to give such notice to all those persons named herein.
LSA-R.S. 9:4754 provides:
Any persons who, having received notice in accordance with the provisions hereof, pays over any monies subject to the privilege created herein, to any injured person, or to the attorney, heirs, or legal representatives of any injured person, shall be liable to the licensed health care provider ... having such privilege for the amount thereof, not to exceed the net amount paid.
The plaintiff began treating Mally Robertson on July 5, 1988, three days after Ms. Robertson was involved in an automobile accident with an insured of State Farm. The treatment continued through December of 1988, and as a result of the treatment, Ms. Robertson incurred medical expenses totaling $3,738.00. On September 24, 1990, a notice of health care provider privilege was mailed to State Farm by certified mail, return receipt requested in accordance with the provisions of LSA-R.S. *835 9:4753. In a separate suit between Ms. Robertson and State Farm, a pre-trial settlement was reached and finalized on November 21, 1990, for $18,500.00.
The record shows and State Farm concedes that the plaintiff properly gave notice pursuant to LSA-R.S. 9:4753 before the settlement between Ms. Robertson and State Farm occurred. Therefore, the only question is whether the statute, as amended by Acts 1990, applies to the medical expenses incurred prior to the effective date of the statute.
LSA-C.C. art. 6 sets forth the general rule regarding retroactivity of laws: substantive laws may be applied prospectively only, in the absence of a contrary legislative expression, while procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary. LSA-R.S. 1:2 provides that no statute is retroactive unless expressly stated. From these principles, it has been consistently stated that the rule of prospective application applies to laws that are substantive in nature, but laws that are procedural, remedial or curative may be applied retroactively. Graham v. Sequoya Corporation, 478 So.2d 1223, 1225-1226 (La.1985).
A substantive law has been defined as that which creates, confers, defines, destroys or otherwise regulates rights, liabilities, causes of action or legal duties. Thomassie v. Savoie, 581 So.2d 1031 (La.App. 1st Cir.), writ denied, 589 So.2d 493 (La.1991). However, a procedural statute is one which describes the method of enforcing, processing, administering or determining rights, liabilities or status. Id. at 1034. If a statute merely prescribes the method of enforcing a right which previously existed or maintains redress for invasion of rights, it is classified as procedural; whereas, if it creates a new obligation where none previously existed, it is a substantive law. Young v. American Hoechst Corporation, 527 So.2d 1102, 1103 (La.App. 1st Cir.1988). However, even if the law is characterized as procedural, it may not be applied retroactively if its language evidences a contrary intent, or if the retroactivity would operate to disturb vested rights. Graham v. Sequoya Corporation, 478 So.2d at 1226; Voelkel v. Harrison, 572 So.2d 724, 726 (La.App. 4th Cir. 1990), writ denied, 575 So.2d 391 (La.1991). Furthermore, if a statute that is procedural or remedial also has the effect of making a change in the substantive law, it will be construed to operate prospectively only. Thomassie v. Savoie, 581 So.2d at 1034.
LSA-C.C. art. 3186 defines a privilege as "a right, which the nature of a debt gives to a creditor, and which entitles him to be preferred before other creditors, even those who have mortgages." It is also defined as an accessory right to the claim or debt, providing security and payment by preference; it has a life coextensive with that of the debt it is intended to secure. Moore v. State, For State Un. Med. Center, 596 So.2d 293 (La.App. 3d Cir.), writ denied, 600 So.2d 667 (La.1992); Toomer v. City of Lake Charles, 392 So.2d 794 (La.App. 3d Cir.1980), writ denied, 396 So.2d 931 (La.1981). Because privilege statutes are laws in derogation of common rights they must be strictly construed and cannot be extended beyond their precise terms. Pelican State Associates, Inc. v. Winder, 219 So.2d 500 (La.1969); P.B.C. Systems, Inc. v. L.A.D. Const. Co., Inc., 428 So.2d 984 (La.App. 1st Cir.1983). Any ambiguity in the statute under which a privilege is claimed should be resolved against the one claiming the privilege. Melyn Industries, Inc. v. Sofec, Inc., 392 So.2d 733 (La.App. 3d Cir.1980).
We believe that the amendment of LSA-R.S. 9:4751(2) conferring a privilege for chiropractic services created a new right where none previously existed. Therefore, we must conclude that the amendment is substantive in nature and operates prospectively only. We further find no merit to the plaintiff's argument that the legislature intended the application of the privilege to operate retroactively because the provisions of LSA-R.S. 9:4753 state that "[t]he privilege created therein shall become effective if, prior to the payment of insurance proceeds, ... a written notice ..., is mailed by the interested *836 health care provider, ... certified mail, return requested, ... to any insurance company obligated by contract to pay indemnity or compensation to the injured person." We do not agree with the plaintiff's analysis. We believe that the provisions of LSA-R.S. 9:4753 merely set forth the mechanism for enforcing the privilege created. Consequently the privilege does not attach to debts which pre-dated the effective date of the amendment to the statute, July 24, 1990.
For the reasons expressed the summary judgment of the trial court dismissing plaintiff's suit is affirmed. All costs of this appeal are to be paid by the plaintiff, Dale E. Rollette.
AFFIRMED.
NOTES
[1] Prior to the 1990 amendments to the above statutes the privilege created did not include "health care providers."