Roy HAYS, Armando M. Garcia,
Conrado Ortega, and Juan
Quilodran, Plaintiffs,

v.

MONFORT, INC., Defendant.

No. CivA 2:99–CV–021–J.

United States District Court,
N.D. Texas,
Amarillo Division.

April 28, 2000.

Philip R. Russ, Attorney at Law, Law Office of Philip R. Russ, Amarillo, TX, John L. Lesly, Attorney at Law, Law Office of John L. Lesly, Amarillo, TX, for plaintiffs.

Charles R. Watson, Attorney at Law, Mullin Hoard & Brown, Amarillo, TX, Roger J. Miller, Attorney at Law, Timothy J. Pugh, Attorney at Law, Christopher M. Bikus, Attorney at Law, McGrath North Mullin & Kratz, Omaha, NE, Billy R. Wolfe, Attorney at Law, Wolfe & Associates, Lubbock, TX, for defendant.

## ORDER GRANTING SUMMARY JUDGMENT

MARY LOU ROBINSON, District Judge.

Before the court is "Defendant's Motion for Summary Judgment," filed September 22, 1999. The Court is reconsidering the motion after clarification of Plaintiffs' claims in the Pretrial Order. The Pretrial Order makes clear that Plaintiffs seek recovery only for personal showering as opposed to other types of cleanup.

For the following reasons, Defendant's motion for summary judgment is GRANTED.

## I. BACKGROUND

Plaintiffs filed this action pursuant to the Fair Labor Standards Act for overtime wages due under 29 U.S.C. § 207 for taking showers after their work shifts in the inedible rendering portion of Defendant Monfort's beef processing plant outside Dumas, Texas. Defendant moves for summary judgment arguing that the time spent showering after work shifts is excluded from compensable time by custom or practice under a collective bargaining agreement pursuant to 29 U.S.C. § 203(o).

## II. STANDARD

The United States Court of Appeals for the Fifth Circuit set forth the standard for summary judgment in *Hibernia National Bank v. Carner,* 997 F.2d 94 (5th Cir. 1993). In reviewing a motion for summary judgment, the Court must ask whether,

the pleading, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). In making this determination, we view all of the evidence in the light most favorable to the party opposing the motion for summary judgment. *Reid v. State Farm Mutual Insurance Co.*, 784 F.2d 577, 578 (5th Cir.1986).

To defeat a motion for summary judgment, Rule 56(e) of the Federal Rules of Civil Procedure requires the non-moving party to set forth specific facts sufficient to establish that there is a genuine issue for trial. *See, Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). While the mere allegation of the existence of a dispute over material facts is not sufficient to defeat a motion for summary judgment, if the evidence shows that a reasonable jury could return a verdict for the non-moving party, the dispute is genuine. *Id.* at 247–48, 106 S.Ct. 2505.

On the other hand, if a rational trier of fact, based upon the record as a whole, could not find for the non-moving party, there is no genuine issue for trial. *Amoco Production Co. v. Horwell Energy, Inc.*, 969 F.2d 146, 147–48 (5th Cir. 1992). Such a finding may be supported by the absence of evidence necessary to establish an essential element of the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992); *International Ass'n of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co.*, 812 F.2d 219, 222 (5th Cir.1987).

*Hibernia Nat'l Bank v. Carner*, 997 F.2d 94, 97–98 (5th Cir.1993).

## III. *DISCUSSION*

Defendant argues that Plaintiffs' showering is excluded from measured working time by custom or practice under a collective bargaining agreement pursuant to 29 U.S.C. § 203(*o*). Section 203(*o*) allows an employer to exclude time spent changing non-safety related clothing and personal showering or washing from compensable time. Specifically, 29 U.S.C. § 203(*o*) provides:

> Hours Worked.—In determining for the purposes of sections 206 and 207 of this title the hours for which an employee is employed, there shall be excluded any time spent in changing clothes or washing at the beginning or end of each workday which was excluded from measured working time during the week involved by the express terms of or by custom or practice under a bona fide collective-bargaining agreement applicable to the particular employee.

At all relevant times, Monfort's plant was covered by a collective bargaining agreement. Plaintiffs and union officials admit it was custom and practice to exclude showering and changing into personal clothing after work from compensable time. Any claim for personal showering is foreclosed by 29 U.S.C. § 203(*o*).

Plaintiffs argue that their claim should survive despite 29 U.S.C. § 203(*o*) because not showering after their shift would be a potential health risk. Plaintiffs argue that because there is a potential health risk in not showering, the showering is an integral part of the job. Plaintiffs cite *Steiner v. Mitchell*, 350 U.S. 247, 76 S.Ct. 330, 100 L.Ed. 267 (1956), which held that employer required showering to remove lead contamination from workers who manufacture automotive batteries was integral and in-

dispensable to the primary activities that the workers were hired to perform for purposes of Section 4[1] of the Portal to Portal Act. Whether an activity is integral and indispensable to work for purposes of Section 4 of the Portal to Portal Act is not determinative of the application of 29 U.S.C. § 203(*o*). The *Steiner* court even noted that the "clear implication" of 29 U.S.C. § 203(*o*) "is that clothes changing and washing, which are otherwise a part of the principal activity, may be expressly excluded from coverage by agreement." 350 U.S. at 255, 76 S.Ct. 330. Further, Plaintiffs are not required to shower and they admit that they do not shower when it is not convenient.

## IV. *CONCLUSION*

Plaintiffs fail to raise a genuine question of material fact. Recovery of overtime wages for personal showering following Plaintiffs' shift is precluded by 29 U.S.C. § 203(*o*). Plaintiffs' showering is excluded from measured working time by custom or practice under a bona fide collective bargaining agreement. Defendant's Motion for Summary Judgment is hereby GRANTED and this case is DISMISSED.

It is SO ORDERED.